■ ALFRED SPREMO, JR., Appellant, v FRED BABCHIK et al., Respondents. [628 NYS2d 167] —In an action to recover damages, inter alia, for defamation, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated December 3, 1992, which (1) upon an order of the same court denying his cross motion for summary judgment and granting the defendants' motion for summary judgment, dismissed the complaint in this action as well as the complaints in several other matters, and (2) enjoined the plaintiff "Alfred Spremo, Jr., himself and using the name of Alfred John Spremo" from instituting any further actions and proceedings in any court in the Unified Court System in the State of New York as a pro se litigant.

Ordered that the judgment is modified, on the law, by (1) deleting from the first decretal paragraph the phrase beginning with the words, "and all matters involving the law firm of Bergadano, Zichello & Babchik" and ending with the phrase "be and the same hereby", and substituting therefor the word "is", and (2) adding to the second decretal paragraph after the words, "Civil Court of the City of New York", the words, "without prior approval of the Administrative Judge of the court in which he seeks to institute a further action or proceeding"; as so modified, the judgment is affirmed, without costs or disbursements.

The Supreme Court's injunctive relief was improper only insofar as it did not permit the plaintiff to institute an action or proceeding as a pro se litigant with prior judicial approval (see, e.g., Sassower v Signorelli, 99 AD2d 358; Matter of Winters v Gould, 143 Misc 2d 44).

We further find that the court improperly dismissed actions which were not before it (see generally, 1 Carmody-Wait 2d, NY Prac § 3.33, at 499).

With respect to the other issues raised by the plaintiff, we affirm the judgment, as modified, for reasons stated by Justice Lonschein at the Supreme Court, Queens County, in his decision and order dated September 30, 1992. Bracken, J. P., Rosenblatt, Ritter and Goldstein, JJ., concur. [See, 155 Misc 2d 796.]