■ RETINA ASSOCIATES OF LONG ISLAND, P.C., et al., Appellants-Respondents, v DANIEL ROSBERGER, Respondent-Appellant, JACQUELINE WATSKIN, Respondent, et al., Defendants. [751 NYS2d 50] —In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered August 15, 2001, as granted that branch of the motion of the defendant Daniel Rosberger which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and (2) an order of the same court, entered September 27, 2001, which granted that branch of the motion of the defendant Jacqueline Watskin which was to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, and the defendant Daniel Rosberger cross-appeals from so much of the order entered August 15, 2001, as denied that branch of his motion which was to impose a sanction upon the plaintiffs for frivolous conduct.

Ordered that the orders are affirmed, with one bill of costs payable by the plaintiffs to the respondent Jacqueline Watskin.

No action lies to recover damages for alleged subornation of perjury in a prior action or proceeding, except where the perjury is part of a larger fraudulent scheme "greater in scope than the issues determined in the prior proceeding" (*Alexander v City of Peekskill,* 80 AD2d 626, 627; *see Newin Corp. v Hartford Acc. & Indem. Co.,* 37 NY2d 211, 217). Construing the complaint and the affidavit submitted by the plaintiffs in the light most favorable to them and deeming all factual allegations to be true (*see Cron v Hargro Fabrics,* 91 NY2d 362, 366), the plaintiffs did not state a cause of action to recover damages for the defendant Daniel Rosberger's alleged subornation of perjury in an arbitration proceeding. The plaintiffs' factual allegations are conclusory and insufficient to demonstrate the applicability of the exception to the general rule that there is no cause of action for such alleged conduct (*see Martinson v Blau,* 292 AD2d 234). Consequently, the Supreme Court properly dismissed the complaint insofar as asserted against Rosberger.

The complaint, however, was not "completely without merit in law," and the plaintiffs' conduct did not warrant the imposition of a sanction. Therefore, the Supreme Court providently exercised its discretion in denying that branch of Rosberger's motion which was to impose a sanction (*see* 22 NYCRR 130-1.1 [c] [1], [2]). Nor is Rosberger entitled to the imposition of a sanction pursuant to CPLR 8303-a.

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the motion of the defendant Jacqueline Watskin which was to dismiss the complaint insofar as asserted against her based on lack of personal jurisdiction (*see* CPLR 302 [a] [1], [2], [3], [4]; *see also World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 291-292; *International Shoe Co. v Washington,* 326 US 310, 316).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Prudenti, P.J., Altman, Friedmann and Rivera, JJ., concur.