■ LEONARD FONTANI, Appellant, v JOSEPH HERSHOWITZ, Also Known as JOSEPH GHERSHOWITZ, et al., Respondents. [784 NYS2d 903]—

In an action, inter alia, to recover damages for fraud and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J), dated July 8, 2003, which, inter alia, granted the defendants' cross motion for summary judgment dismissing the complaint and to impose a sanction, in effect, pursuant to 22 NYCRR 130-1.1 based upon frivolous conduct.

Ordered that the order is modified, on the facts, by deleting

the provision thereof granting that branch of the cross motion which was to impose a sanction, in effect, pursuant to 22 NYCRR 130-1.1 and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint on the ground of res judicata (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343 [1999]; *O'Brien v City of Syracuse*, 54 NY2d 353 [1981]; 22 NYCRR 130-1.1 [c]; *Matter of Sud v Sud*, 227 AD2d 319 [1996]). This action merely raised issues already raised and determined, or which could have been raised and determined, in a prior action between the same parties (*see Parker v Blauvelt Volunteer Fire Co., supra* at 347-348).

Under the circumstances of this case, a sanction should not have been imposed. Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.