■ NORTH SHORE ENVIRONMENTAL SOLUTIONS, INC., et al., Appellants, v ALLEN K. GLASS et al., Respondents. [792 NYS2d 610]——

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated September 12, 2003, as granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and for costs and an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for costs and an award of an attorney's fee and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the respondents.

This action arises out of an underlying class action to recover damages for the underpayment of wages by North Shore Environmental Solutions, Inc. (hereinafter North Shore), pursuant to Labor Law § 220. To compute the amount of underpayment, the plaintiffs in the underlying class action retained the defendants, accountants Allen K. Glass, CPA, and Glass & Shiechel CPA's, LLP. After the parties entered into a settlement agreement to discontinue the action, North Shore and its principal shareholders, Jaro Zitnansky and Joann Zitnansky, commenced this action to recover damages from the defendants for making allegedly fraudulent calculations in the underlying class action. The Supreme Court granted those branches of the defendants' motion which were to dismiss the complaint, and for costs and an award of an attorney's fee.

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint, as the plaintiffs' remedy for the defendants' alleged fraud in the underlying class action "lies exclusively in that lawsuit itself, i.e., by moving pursuant to CPLR 5015 to vacate the civil judgment due to its fraudulent procurement, not a second plenary

action collaterally attacking the judgment in the original action" (*Yalkowsky v Century Apts. Assoc.*, 215 AD2d 214, 215 [1995]; *see Curtis v Scherer*, 261 AD2d 158, 159 [1999]). The plaintiffs' conclusory and unsubstantiated allegations that the defendants concealed a conspiracy were insufficient to apply the exception to this rule based on fraud that is "a means to the accomplishment of a larger fraudulent scheme" (*Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217 [1975]; *see Retina Assoc. of Long Is. v Rosberger*, 299 AD2d 533 [2002]).

However, the court erred in granting that branch of the defendants' motion which was for costs and an award of an attorney's fee. The defendants specified for the first time in their reply papers that they sought costs and an award of an attorney's fee as a sanction pursuant to 22 NYCRR 130-1.1. As the plaintiff did not have notice, the defendants were not entitled to this relief. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.