■ In the Matter of the Estate of ARTHUR WILLIE STEWART, Deceased. DOREEN STEWART, Appellant; PUBLIC ADMINISTRATOR OF NASSAU COUNTY et al., Respondents. [884 NYS2d 256]—

In a proceeding, inter alia, to revoke letters of administration issued to the Public Administrator of Nassau County with re-

spect to the estate of Arthur Willie Stewart, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated June 16, 2008, which denied her motion pursuant to CPLR 5015 (a) (1) and (4) to vacate her default in appearing at a court-ordered conference.

Ordered that the order is affirmed, without costs or disbursements.

In an oral decision rendered November 29, 2006, which provided the basis for an order dated December 7, 2006, the Surrogate directed the petitioner's attorney to appear at a conference on "January 10" to discuss the remaining undecided issues in the proceeding. The order dated December 7, 2006, however, erroneously directed the parties' attorneys to appear for a conference on January 10, 2006, rather than January 10, 2007. Where there is an inconsistency between an order and the decision upon which it is based, the decision controls (*see Scheuering v Scheuering*, 27 AD3d 446, 447 [2006]; *Spier v Horowitz*, 16 AD3d 400, 401 [2005]; *Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480 [1984]). Contrary to the petitioner's contention, the order dated December 7, 2006, was not rendered a nullity by this inconsistency, since it did not affect a substantial right of a party (*see* CPLR 5019 [a]). The petitioner's attorney, by his own subsequent admission, had notice of the correct conference date, but chose not to appear. Since the petitioner's attorney had notice of the conference date, that branch of the petitioner's motion which was pursuant to CPLR 5015 (a) (4) to vacate her default in appearing at the conference, based on lack of jurisdiction to render the order, was properly denied (*cf. Pelaez v Westchester Med. Ctr.*, 15 AD3d 375, 376 [2005]).

Furthermore, the Surrogate providently exercised his discretion in denying that branch of the petitioner's motion which was pursuant to CPLR 5015 (a) (1) to vacate her default in appearing at the conference based on excusable default. To be relieved of the default, the petitioner was required to demonstrate both a reasonable excuse for the default and a meritorious case (*see* CPLR 5015 [a] [1]; *47 Thames Realty, LLC v Robinson*, 61 AD3d 923 [2009]; *Matter of Dellagatta v McGillicuddy*, 31 AD3d 549, 550 [2006]; *Matter of Butterworth v Sperber*, 6 AD3d 530 [2004]). The petitioner failed to demonstrate a reasonable excuse for the default. Furthermore, she failed to submit any proof in evidentiary form to demonstrate that the portion of the petition that remained undecided had any merit (*see Bollino v Hitzig*, 34 AD3d 711 [2006]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]; *Echevarria v Pathmark Stores, Inc.*, 7 AD3d 750, 751 [2004]). Mastro, J.P., Miller, Dickerson and Chambers, JJ., concur.