■ SPECIALIZED INDUSTRIAL SERVICES CORP., Respondent, v BENJAMIN E. CARTER, Appellant. [890 NYS2d 90]—

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his motion which was to dismiss the first cause of action in the amended verified complaint alleging his violation of Judiciary Law § 487 during the course of the underlying action brought by his client against the plaintiff. Accepting the factual allegations in the amended verified complaint as true (*see Simmons v Edelstein*, 32 AD3d 464, 465 [2006]; *Manfro v McGivney*, 11 AD3d 662, 663 [2004]), as augmented by the affidavits submitted by the plaintiff in opposition to the defendant's motion (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]), the plaintiff sufficiently stated a cause of action under Judiciary Law § 487 for the defendant's alleged intentional deceit during the course of the underlying action (*see Moormann v Perini & Hoerger*, 65 AD3d 1106 [2009]; *Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534, 537 [2006]; *cf. Mahler v Campagna*, 60 AD3d 1009, 1012-1013 [2009]).

In the underlying action, judgment was entered against the plaintiff upon its default in answering or appearing. The plaintiff obtained an order vacating the default judgment, which was ultimately reversed by this Court (*see Dave Sandel, Inc. v Specialized Indus. Servs. Corp.*, 35 AD3d 790 [2006]). Generally, a party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for damages against the party who adduced the false evi-

dence, and the plaintiff's remedy lies exclusively in moving to vacate the default judgment (*see North Shore Envtl. Solutions, Inc. v Glass,* 17 AD3d 427 [2005]; *Retina Assoc. of Long Is. v Rosberger,* 299 AD2d 533 [2002]; *New York City Tr. Auth. v Morris J. Eisen, P.C.,* 276 AD2d 78, 87 [2000]; *Yalkowsky v Century Apts. Assoc.,* 215 AD2d 214, 215 [1995]). Under an exception to that rule, a separate lawsuit may be brought where the alleged perjury or fraud in the underlying action was "merely a means to the accomplishment of a larger fraudulent scheme" (*Newin Corp. v Hartford Acc. & Indem. Co.,* 37 NY2d 211, 217 [1975]) which was "greater in scope than the issues determined in the prior proceeding" (*Retina Assoc. of Long Is. v Rosberger,* 299 AD2d at 533 [internal quotation marks omitted]). The plaintiff here, in its amended verified complaint and supplemental affidavits, has sufficiently alleged a larger fraudulent scheme to fit within the exception to the rule against collateral attack (*see New York City Tr. Auth. v Morris J. Eisen, P.C.,* 276 AD2d at 80, 87-88; *cf. North Shore Envtl. Solutions, Inc. v Glass,* 17 AD3d at 428).

Contrary to the defendant's contention, the first cause of action in the amended verified complaint is not barred by the doctrine of res judicata since the Judiciary Law cause of action did not arise out of the factual transaction which was the subject matter of that action (*see Matter of Hodes v Axelrod,* 70 NY2d 364, 372 [1987]; *Mahler v Campagna,* 60 AD3d at 1011; *Lazides v P & G Enters.,* 58 AD3d 607, 609 [2009]; *Triboro Fastener & Chem. Prods. Corp. v Lee,* 236 AD2d 603, 603-604 [1997]). Nor is the first cause of action precluded by principles of collateral estoppel in that the claim was not litigated in the underlying action and much of the evidence upon which the plaintiff relies was discovered subsequent to entry of the default judgment in the underlying action (*see Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 456-457 [1985]; *Izko Sportswear Co., Inc. v Flaum,* 25 AD3d at 537; *Chambers v City of New York,* 309 AD2d 81, 85 [2003]).

The defendant's remaining contentions are without merit. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.