In a proceeding, in effect, pursuant to CPLR article 52 to enforce a money judgment by, inter alia, imposing an equitable lien against certain real property, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 23, 2009, as, in effect, denied the petition and dismissed the proceeding, and Miriam Hershowitz cross-appeals from so much of the same order as denied that branch of her cross motion which was to enjoin the petitioner from instituting or maintaining, any action or proceeding against her in which the petitioner asserts any claim or cause of action for legal or equitable relief to apply to her personal or real property in satisfaction of a money judgment in favor of the petitioner against the decedent Joseph Hershowitz, filed in the Civil Court of the City of New York, Kings County, on June 10, 1999, under index No. 535/98, without prior court approval.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the order is reversed insofar as cross-appealed from, on the law and in the exercise of discretion, without costs or disbursements, that branch of the cross motion which was to enjoin the petitioner from instituting or maintaining any action or proceeding against Miriam Hershowitz in which the petitioner asserts any claim or cause of action for legal or equitable relief to apply to her personal or real property in satisfaction of a money judgment in favor the petitioner against the decedent Joseph Hershowitz, filed in the Civil Court of the City of New York, Kings County, on June 10, 1999, under index No. 535/98, without prior court approval, is granted.
*1023 Since 2002, the petitioner has instituted several proceedings and actions in the Supreme Court against Miriam Hershowitz (hereinafter Hershowitz), the widow of the judgment debtor, in connection with a money judgment filed on June 10, 1999, in the Civil Court of the City of New York, Kings County. In each such proceeding or action, the petitioner alleged the same underlying transaction and facts, seeking to enforce the money judgment against personal and/or real property owned solely by Hershowitz. Orders dismissing two such proceedings were affirmed by this Court on appeals (see Matter of Fontani v Hershowitz, 12 AD3d 672 [2004]; Fontani v Hershowitz, 12 AD3d 636).
Subsequent to those appeals, the petitioner commenced another enforcement proceeding in the Supreme Court, resulting in an order dated March 9, 2009, denying the petition and dismissing the proceeding on the merits, after full consideration of the petitioner’s cause of action to impose a constructive trust and equitable lien against certain real property titled to Hershowitz. Alternatively, that order denied the petition on the ground that it was barred by the doctrine of res judicata. The petitioner did not take an appeal from that order. Instead, the petitioner filed the petition in the instant proceeding, alleging the same underlying facts and seeking the same relief under the same cause of action.
Under New York’s transactional approach to res judicata, “once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy” (O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; see Fontani v Hershowitz, 12 AD3d at 637). In the order appealed from, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding on the ground of res judicata. The petitioner may not continue to relitigate this issue by initiating new proceedings and actions seeking the same relief based upon the same factual allegations (see Matter of Segreto v Grannis, 70 AD3d 704, 705 [2010]). Under the circumstances of this case, given the petitioner’s continued commencement of additional litigation despite numerous prior determinations against him, Hershowitz was entitled to injunctive relief against the petitioner (see Matter of Manwani v Manwani, 286 AD2d 767, 768 [2001]; Murray v National Broadcasting Co., 214 AD2d 708, 709-710, 712 [1995]; Sassower v Signorelli, 99 AD2d 358 [1984]). Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.