■ In the Matter of GIL RAM, Appellant, v MIRIAM HERSHOWITZ, Respondent, et al., Respondent. [931 NYS2d 103]—

The parties previously have been before this Court on appeals in prior, related proceedings and actions, and the relevant procedural history is set forth in this Court's most recent decision and order dated September 21, 2010 (*see Matter of Ram v Hershowitz*, 76 AD3d 1022 [2010]; *see also Matter of Fontani v Hershowitz*, 12 AD3d 672 [2004]; *Fontani v Hershowitz*, 12 AD3d 636 [2004]). In essence, the petitioner in the present proceeding seeks to enforce a 1999 money judgment in his favor filed in the Civil Court of the City of New York, Kings County, on June 10, 1999, by, inter alia, imposing a constructive trust on certain real property titled to Miriam Hershowitz (hereinafter Hershowitz), who is the widow of the judgment debtor.

In an order and judgment dated March 9, 2009, which is the subject of this appeal, the Supreme Court properly granted that branch of Hershowitz's motion which was pursuant to CPLR 317 to vacate a judgment entered February 13, 2007, against Hershowitz upon her failure to appear or answer the instant petition, filed in 2006. Pursuant to CPLR 317, a court may permit a person who has been served with a notice of petition other than by personal delivery to defend a special proceeding within one year after he or she obtains knowledge of entry of the judgment upon a finding that the respondent did not personally receive notice in time to defend and has a meritorious defense (*see* CPLR 103 [b]; 317, 403 [c]; *Fleisher v Kaba*, 78 AD3d 1118, 1119 [2010]). Here, the petitioner concedes that the notice of petition was not served on Hershowitz by personal delivery and that Hershowitz's motion, inter alia, to vacate the default judgment was made within one year after she received knowledge of entry of the judgment. The petitioner contends, however, that Hershowitz does not have a meritorious defense. Contrary to this contention, the evidence submitted by Hershowitz in support of her motion established a meritorious defense to the petition on the ground that the petitioner's claim is barred by the doctrine of res judicata.

Further, in the order and judgment dated March 9, 2009, upon properly vacating the default judgment against Hershowitz, the Supreme Court denied the petition and dismissed the proceeding "on the merits, after full consideration of the petitioner's cause of action," and alternatively, "on the ground that it was barred by the doctrine of res judicata."

The Supreme Court correctly held that the petitioner's claim is barred under the doctrine of res judicata. The constructive trust claim set forth in the instant petition filed in 2006 has been litigated in previous proceedings and actions which are based upon the same transaction or series of transactions (*see Matter of Ram v Hershowitz*, 76 AD3d at 1023; *Fontani v Hershowitz*, 12 AD3d at 637; *see generally O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Accordingly, the Supreme Court properly granted that branch of Hershowitz's motion which was to dismiss the petition on the ground that it is barred by the doctrine of res judicata.

We decline Hershowitz's request that we impose a sanction against the petitioner pursuant to 22 NYCRR 130-1.1 (a) and (c). However, we emphasize again that "the petitioner may not continue to relitigate this issue by initiating new proceedings and actions seeking the same relief based upon the same factual allegations" (*Matter of Ram v Hershowitz*, 76 AD3d at 1023). Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.