■ GIL RAM, Appellant, v THOMAS ALBERT TORTO et al., Respondents. [975 NYS2d 442]—

In an action, inter alia, to recover damages for perjury and violations of the Code of Professional Responsibility, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated September 11, 2012, which granted the defendants' motion, among other things, to dismiss the complaint pursuant to CPLR 3211 (a) (7), for injunctive relief, and for an award of costs pursuant to 22 NYCRR 130-1.1 and directed him to pay the sum of $6,000 to the defendants for attorney's fees, and denied his cross motion, inter alia, for summary judgment on the complaint.

Ordered that the order is affirmed; and it is further,

Ordered that on the Court's own motion, the plaintiff is directed to pay a sanction in the sum of $2,500; within 20 days after service of a copy of this decision and order upon him, he shall deposit the sum of $2,500 with the Clerk of this Court for

transmittal to the Commissioner of Taxation and Finance (*see* 22 NYCRR 130-1.3); and it is further,

Ordered that one bill of costs is awarded to the defendants.

Since 2002, the plaintiff has commenced various proceedings and actions relating to a June 10, 1999, money judgment in his favor against the late Joseph Hershowitz as judgment debtor. Orders dismissing the plaintiff's four prior actions relating to the underlying money judgment were affirmed by this Court on appeal (*see Matter of Ram v Hershowitz*, 88 AD3d 891 [2011]; *Matter of Ram v Hershowitz*, 76 AD3d 1022 [2010]; *Matter of Fontani v Hershowitz*, 12 AD3d 672 [2004]; *Fontani v Hershowitz*, 12 AD3d 636 [2004]). However, the plaintiff has continued in his attempts to re-litigate the underlying judgment and has also sought various forms of relief against other individuals for related matters. The plaintiff commenced this action alleging that the defendants committed "perjuries" and other wrongdoing in the course of their legal representation of the plaintiff's adversaries during some of the aforementioned litigation. The defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7), for injunctive relief, and for an award of costs pursuant to 22 NYCRR 130-1.1, and the plaintiff cross-moved, among other things, for summary judgment on the complaint. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion.

Contrary to the plaintiff's contention, the Supreme Court properly directed dismissal of the complaint. Even construing the allegations in the complaint liberally and accepting them as true (*see* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), they state no cognizable legal claim against the defendants (*see Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211 [1975]; *Retina Assoc. of Long Is. v Rosberger*, 299 AD2d 533 [2002]; *Yalkowsky v Century Apts. Assoc.*, 215 AD2d 214 [1995]; *Alexander v City of Peekskill*, 80 AD2d 626 [1981]; *see also Shapiro v McNeill*, 92 NY2d 91 [1998]; *Arkin Kaplan LLP v Jones*, 42 AD3d 362 [2007]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint.

Under the circumstances of this case, given the petitioner's "continued commencement of additional litigation despite numerous prior determinations against him" (*Matter of Ram v Hershowitz*, 76 AD3d at 1023), the Supreme Court acted providently in enjoining the plaintiff "from commencing any action or proceeding seeking relief from Mrs. Hershowitz or from her attorneys or from anyone else, in any form or fashion, related to or arising from the loan from Joseph Hershowitz,

without prior permission from this court or from the Appellate Division, Second Department" (see Spremo v Babchik, 216 AD2d 382 [1995]; Murray v National Broadcasting Co., 214 AD2d 708 [1995]; Sassower v Signorelli, 99 AD2d 358 [1984]).

The Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for an award of costs pursuant to 22 NYCRR 130-1.1 to the extent of awarding $6,000 for attorney's fees to the defendants, payable by the plaintiff.

The defendants request that we impose a sanction against the plaintiff for his pursuit of a frivolous appeal, and the plaintiff had an opportunity to address this issue. We note that the plaintiff has "repeatedly demonstrated [his] litigiousness before the trial court and this Court" (Dinerman v Jewish Bd. of Family & Children's Servs., Inc., 55 AD3d 530, 531 [2008]), and has previously been warned by this Court that he may not continue to relitigate matters " 'by initiating new proceedings and actions seeking the same relief based upon the same factual allegations' " (Matter of Ram v Hershowitz, 88 AD3d at 893, quoting Matter of Ram v Hershowitz, 76 AD3d at 1023). Moreover, we agree with the defendants that the arguments raised on this appeal by the plaintiff are "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). Accordingly, the instant appeal is frivolous within the meaning of 22 NYCRR 130-1.1 (c) and, under the circumstances of this case, on the Court's own motion, we impose a sanction against the plaintiff for his conduct in pursuing a frivolous appeal (see Hendrick Hudson Cent. School Dist. v Falinski, 232 AD2d 454, 455 [1996]; Romeo v Romeo, 225 AD2d 753, 755 [1996]), by directing him to deposit the sum of $2,500 with the Clerk of this Court for transmittal to the Commissioner of Taxation and Finance (see 22 NYCRR 130-1.3).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dickerson, J.P., Chambers, Roman and Miller, JJ., concur.