■ DOREEN STEWART, Appellant, v CITIMORTGAGE, INC., et al., Respondents. [996 NYS2d 638]—

In an action alleging intentional misrepresentation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), dated February 13, 2013, which granted those branches of the defendants' separate motions which were to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with one bill of costs.

In August 2005, the defendant Citimortgage, Inc., through its counsel, the defendant Stein and Sheidlower, LLP, commenced a proceeding in the Surrogate's Court, Nassau County, to appoint the Public Administrator of Nassau County to administer the estate of the late Arthur Willie Stewart. In March 2006, limited letters of administration were issued to the Public Administrator, who subsequently sold certain real property owned by the decedent at public auction. While the administration proceeding was ongoing, the plaintiff, Doreen Stewart, filed two separate petitions for letters of administration in the Surrogate's Court, listing herself as the decedent's surviving spouse. The first petition was returned to Stewart by the Administration Clerk as being incomplete. The second petition was dismissed for failure to appear for a court-ordered conference. Stewart's subsequent motion to vacate her default was denied by order dated June 16, 2008. On appeal, this Court affirmed the Surrogate Court's order (see Matter of Stewart, 65 AD3d 634 [2009]).

In August 2011, Stewart commenced this action alleging, in essence, that she sustained economic loss as a result of the defendants' knowing failure to disclose, in their petition for the appointment of the Public Administrator, and a supporting "affidavit of due diligence and heirship," the material fact that she claimed to be the decedent's surviving spouse, since the defendants' conduct was an attempt to mislead the Surrogate and resulted in the uncontested appointment of the Public Administrator, who, in turn, sold the real property at less than market value. Following the joinder of issue, the defendants each moved to dismiss the complaint pursuant to CPLR 3211 (a) and for summary judgment dismissing the complaint. The Supreme Court granted those branches of the defendants' motions which were to dismiss the complaint pursuant to CPLR 3211 (a) (7). We affirm.

"Generally, a party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for damages against the party who adduced the false evidence" (*Specialized Indus. Servs. Corp. v Carter*, 68 AD3d 750, 751-752 [2009]; *see Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217 [1975]; *Crouse v McVickar*, 207 NY 213 [1912]). The "plaintiff's remedy lies exclusively in that lawsuit itself, i.e., by moving pursuant to CPLR 5015 to vacate the . . . judgment due to its fraudulent procurement, not a second plenary action collaterally attacking the judgment in the original action" (*Yalkowsky v Century Apts. Assoc.*, 215 AD2d 214, 215 [1995]; *see Specialized Indus. Servs. Corp. v Carter*, 68 AD3d at 751-752).

Under the circumstances presented here, the Supreme Court properly granted those branches of the motions which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint (*see Crouse v McVickar*, 207 NY at 217; *Ram v Torto*, 111 AD3d 814 [2013]; *North Shore Envtl. Solutions, Inc. v Glass*, 17 AD3d 427 [2005]). Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.