# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**585**

**CA 15-01779**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THOMAS J. PIERONI, MPDK, LLC, DOING BUSINESS
AS ADOBE CAR & TRUCK RENTAL OF TUCSON, ADOBE
CAR & VAN RENTAL OF TUCSON, AND/OR ADOBE CAR
AND VAN RENTALS AND BENTLEY HOLDINGS, INC.,
DOING BUSINESS AS AUTOMOTIVE FLEET LEASING CO.,
PLAINTIFFS-APPELLANTS,

V                                        MEMORANDUM AND ORDER

PHILLIPS LYTLE LLP, CRAIG A. LESLIE, ESQ.,
AND JOANNA DICKINSON, ESQ.,
DEFENDANTS-RESPONDENTS.

---

AMIGONE, SANCHEZ & MATTREY, LLP, BUFFALO (B.P. OLIVERIO OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

CONNORS LLP, BUFFALO (RANDALL D. WHITE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered July 8, 2015. The order granted defendants' motion to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this fraud and Judiciary Law § 487 action against two individual attorneys and their law firm in connection with their representation of Ford Motor Credit Company LLC, formerly known as Ford Motor Credit Company (Ford Credit), in an underlying action (2007 action) commenced by Ford Credit. In the 2007 action, Ford Credit sought damages for breach of a floor plan and security agreement with an automobile dealership. In connection with the 2007 action, Ford Credit obtained an order of seizure with respect to certain vehicles. Ford Credit later amended the complaint therein to add as defendants the plaintiffs in this action, who were the purported buyers or participants in the transfer of those vehicles. In 2010, plaintiffs commenced an action (2010 action) against Ford Credit alleging causes of action for intentional infliction of economic harm, conversion, fraud, and tortious interference with contractual relations. Plaintiffs alleged that Ford Credit knew of the bona fide claims of plaintiffs to the vehicles and submitted false statements in support of its order to show cause to seize the vehicles. Plaintiffs later moved for leave to amend the complaint to

add defendants to the 2010 action and to add a cause of action pursuant to Judiciary Law § 487.  Supreme Court (Bannister, J.) denied the motion with respect to the individual defendants, and denied the motion with respect to the law firm without prejudice for reconsideration in the event plaintiffs submitted additional proof, as set forth in the court's bench decision.  Plaintiffs did not submit any additional proof, and their subsequent motion for leave to reargue was denied.  Although plaintiffs appealed, that appeal was not decided before both the 2007 action and the 2010 action were transferred to federal court.

In March 2013, plaintiffs commenced the present action.  The complaint is essentially identical to the proposed amended complaint they submitted in support of their motion for leave to amend the complaint in the 2010 action.  Supreme Court (Caruso, J.) granted defendants' motion to dismiss the complaint, and we now affirm.

We agree with defendants that this action is barred by collateral estoppel, and thus that the court properly granted their motion.  The doctrine of collateral estoppel has two requirements: "[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455; *see Ackman v Haberer*, 111 AD3d 1378, 1379).  The proposed amended complaint in the 2010 action and the complaint in the present action raise identical issues, and the court decided those issues when it denied the motion for leave to amend.

It is well settled that " '[l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit' " (*Holst v Liberatore*, 105 AD3d 1374, 1374; *see Tag Mech. Sys., Inc. v V.I.P. Structures, Inc.*, 63 AD3d 1504, 1505).  A review of the decision of the court (Bannister, J.) shows that the court denied the motion because "the proposed amendment was palpably insufficient or patently devoid of merit" (*Holst*, 105 AD3d at 1374); the motion was not denied based on technical pleading defects (*see Jericho Group Ltd. v Midtown Dev., L.P.*, 67 AD3d 431, 431, *lv denied* 14 NY3d 712; *cf. Hodge v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 269 AD2d 330, 330-331).  In addition, although the motion was denied without prejudice with respect to the law firm, plaintiffs never submitted any additional proof in their subsequent motion for leave to reargue.  We reject plaintiffs' further contention that they did not have a full and fair opportunity to contest the determination.

In any event, even if collateral estoppel did not apply here, the court properly granted defendants' motion on the ground that this action constitutes an improper collateral attack on a prior order, i.e., the order of seizure issued in the 2007 action.  It is well settled that "the courts of this State will not entertain civil actions for damages arising from alleged subornation of perjury in a prior civil proceeding" (*Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217; *see Serrante v Moses & Singer LLP*, 137 AD3d 697, 697).

Therefore, " 'a party who has lost a case as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for damages against the party who adduced the false evidence' " (*Stewart v Citimortgage, Inc.*, 122 AD3d 721, 722).  The exception to that general rule is "where the perjury is merely a means to the accomplishment of a larger fraudulent scheme" (*Newin Corp.*, 37 NY2d at 217).  Plaintiffs' action must be dismissed because it does not fall within the exception to the general rule (*see Yalkowsky v Shedler*, 94 AD2d 684, 684, *appeal dismissed and lv dismissed in part and denied in part* 60 NY2d 700; *cf. Specialized Indus. Servs. Corp. v Carter*, 68 AD3d 750, 751-752).

Moreover, the court properly granted those parts of defendants' motion with respect to the causes of action for intentional infliction of economic harm, conversion, and tortious interference with contractual relations because they are barred by the statute of limitations.  Even assuming, arguendo, that the tort of intentional infliction of economic harm is recognized in New York, we note that it would have a three-year statute of limitations (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 93 n 1), and there is also a three-year statute of limitations for the torts of conversion (*see* CPLR 214 [3]; *DiMatteo v Cosentino*, 71 AD3d 1430, 1431) and tortious interference with contractual relations (*see* CPLR 214 [4]; *Niagara Mohawk Power Corp. v Freed*, 288 AD2d 818, 818-819).  Those causes of action accrued in 2007 and are therefore time-barred.

Finally, we further agree with defendants that the court properly granted those parts of their motion with respect to the remaining causes of action for failure to state a cause of action (*see* CPLR 3211 [a] [7]).  The fraud cause of action failed to plead detrimental reliance with the requisite particularity (*see Gelmac Quality Feeds, Inc. v Ronning*, 23 AD3d 1019, 1020; *see generally* CPLR 3016 [b]; *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559).  The Judiciary Law § 487 cause of action must also be pleaded with particularity (*see Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 AD3d 296, 297, *lv denied* 4 NY3d 707), and plaintiffs failed to do so here (*see Savitt v Greenberg Traurig, LLP*, 126 AD3d 506, 507; *Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756, 758-759).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court