■ In the Matter of GIL RAM, Appellant, v ESTATE OF JOSEPH HERSHOWITZ et al., Respondents. [52 NYS3d 437]—

In a proceeding, in effect, pursuant to CPLR article 52 to enforce a money judgment by, inter alia, imposing a constructive trust on certain real property, the petitioner appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated December 4, 2014, which denied the petition.

Ordered that the order is affirmed; and it is further,

Ordered that the petitioner is directed to pay a sanction in the sum of $5,000; within 20 days after service of a copy of this decision and order upon the petitioner, he shall deposit the sum of $5,000 with the Clerk of this Court for transmittal to the Commissioner of Taxation and Finance (*see* 22 NYCRR 130-1.3); and it is further,

Ordered that one bill of costs is awarded to the respondents.

Since 2002, the petitioner has commenced various proceedings and actions to enforce a June 10, 1999, money judgment in his favor against the late Joseph Hershowitz as judgment debtor. Orders dismissing five prior actions and proceedings, all of which relate to the underlying money judgment, have been affirmed by this Court on appeal (see Ram v Torto, 111 AD3d 814 [2013]; Matter of Ram v Hershowitz, 88 AD3d 891 [2011]; Matter of Ram v Hershowitz, 76 AD3d 1022 [2010]; Matter of Fontani v Hershowitz, 12 AD3d 672 [2004]; Fontani v Hershowitz, 12 AD3d 636 [2004]). However, as previously stated by this Court, the petitioner has continued in his attempts to relitigate the underlying judgment and has also sought various forms of relief against other individuals for related matters (see Ram v Torto, 111 AD3d at 815).

The issue presented on the instant appeal, namely, whether the petitioner is entitled to a constructive trust on property owned by the respondent Miriam Hershowitz, was decided against the petitioner on the merits by the Supreme Court in an order and judgment dated March 9, 2009, which was affirmed by this Court (see Matter of Ram v Hershowitz, 88 AD3d at 891). The instant proceeding, seeking the same relief, is therefore barred by the doctrine of res judicata (id.).

This Court has repeatedly warned the petitioner that he may not continue to relitigate matters by initiating new proceedings and actions seeking the same relief based upon the same factual allegations (see Ram v Torto, 111 AD3d at 816; Matter of Ram v Hershowitz, 88 AD3d at 893; Matter of Ram v Hershowitz, 76 AD3d at 1023). The petitioner has also been previously enjoined from commencing any action or proceeding relating to or arising from the aforementioned without prior permission from the Supreme Court or this Court (see Ram v Torto, 111 AD3d at 815-816). Despite these warnings and the determinations entered against him, the petitioner has continued to commence additional litigation.

The respondents have requested that the petitioner once again be sanctioned for pursuing a frivolous appeal, and the petitioner has had the opportunity to address this issue. Under the circumstances of this case, the instant appeal is frivolous within the meaning of 22 NYCRR 130-1.1 (c) and we impose a sanction against the petitioner for his conduct in pursuing a frivolous appeal (see Ram v Torto, 111 AD3d at 816) by directing him to deposit the sum of $5,000 with the Clerk of this Court for transmittal to the Commissioner of Taxation and Finance (see 22 NYCRR 130-1.3). Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.