# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**303**
**CA 16-01457**
PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

MAA-SHARDA, INC., AND HINABEN P. PATEL, ALSO
KNOWN AS H.P. PATEL, PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

FIRST CITIZENS BANK & TRUST CO., J. BARRY DUMSER,
INDUS PVR, LLC, AND GOONJIT "JETT" MEHTA,
DEFENDANTS-RESPONDENTS.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ROBERT J. LUNN OF
COUNSEL), AND FRANK A. ALOI, FOR PLAINTIFFS-APPELLANTS.

NIXON PEABODY LLP, ROCHESTER (MEGHAN K. MCGUIRE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS FIRST CITIZENS BANK & TRUST CO. AND J. BARRY
DUMSER.

WOODS OVIATT GILMAN LLP, ROCHESTER (JOHN C. NUTTER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS INDUS PVR, LLC AND GOONJIT "JETT" MEHTA.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Ontario County
(Matthew A. Rosenbaum, J.), entered November 17, 2015. The order,
inter alia, granted the motions of defendants to dismiss the amended
complaint and dismissed the amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Previously, Indus PVR, LLC, a defendant in this
matter, commenced a foreclosure proceeding against, inter alia, MAA-
Sharda, Inc., a plaintiff in this matter. A judgment of foreclosure
was granted, and was later affirmed by this Court (*Indus PVR LLC v
MAA-Sharda, Inc.*, 140 AD3d 1666, *lv denied in part and dismissed in
part* 28 NY3d 1059). After the judgment in the foreclosure action was
granted but before this Court affirmed it, plaintiffs commenced this
action asserting, inter alia, a cause of action for "fraud on the
court" based upon allegations that defendants committed fraud in the
prior foreclosure proceeding. Plaintiffs now appeal from an order
that, inter alia, dismissed the amended complaint. We affirm. "To
the extent that the [amended] complaint alleged fraud,
misrepresentation, or other misconduct of an adverse party committed
during the course of the prior litigation, plaintiff[s'] sole remedy
was a motion to vacate the court's prior order pursuant to CPLR 5015
(a) (3). A litigant's remedy for alleged fraud in the course of a
legal proceeding lies exclusively in that lawsuit itself, i.e., by

moving pursuant to CPLR 5015 to vacate the [judgment] due to its fraudulent procurement, not a second plenary action collaterally attacking the" judgment (*Kai Lin v Department of Dentistry, Univ. of Rochester Med. Ctr.*, 120 AD3d 932, 932, *lv denied* 24 NY3d 916 [internal quotation marks omitted]; *see Stewart v Citimortgage, Inc.*, 122 AD3d 721, 722).

Contrary to plaintiffs' further contention, this case does not fit within the exception set forth in *Newin Corp. v Hartford Acc. & Indem. Co.* (37 NY2d 211, 217), which applies when the alleged fraud or perjury "is merely a means to the accomplishment of a larger fraudulent scheme," i.e., one "greater in scope than [that] in the prior proceeding" (*Retina Assoc. of Long Is. v Rosberger*, 299 AD2d 533, 533, *appeal dismissed and lv denied* 99 NY2d 624 [internal quotation marks omitted]; *see Pieroni v Phillips Lytle LLP*, 140 AD3d 1707, 1709, *lv denied* 28 NY3d 901; *cf. Specialized Indus. Servs. Corp. v Carter*, 68 AD3d 750, 751-752). We agree with Supreme Court that "plaintiff[s'] conclusory allegation of a larger fraudulent scheme appears to be 'a transparent and patently insufficient attempt to bring this action within the *Newin* exception' " (*Cattani v Marfuggi*, 74 AD3d 553, 555, *lv dismissed* 15 NY3d 900, *lv denied* 18 NY3d 806).

We have considered plaintiffs' remaining contentions and conclude that none requires reversal or modification of the order.

Entered:  April 28, 2017                              Frances E. Cafarell
                                                     Clerk of the Court