State Farm Mut. Auto. Ins. Co. v Anikeyeva (2021 NY Slip Op 04728)





State Farm Mut. Auto. Ins. Co. v Anikeyeva


2021 NY Slip Op 04728


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2017-07437
 (Index No. 4399/10)

[*1]State Farm Mutual Automobile Insurance Company, respondent, 
v
Valentina Anikeyeva, et al., appellants.


Gary Tsirelman, P.C., Brooklyn, NY (Stefan Belinfanti, David M. Gottlieb, and Darya Klein of counsel), for appellants.
McDonnell Adels & Klestzick, PLLC, Garden City, NY (Michael J. Giordano of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has no obligation to pay certain insurance claims, the defendants appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered May 22, 2017. The order granted the plaintiff's motion for a preliminary injunction restraining the defendants from enforcing against it any judgments obtained in certain related actions.
ORDERED that the order is affirmed, with costs.
In March 2010, in response to various no-fault insurance collection actions commenced against it by the defendants, State Farm Mutual Automobile Insurance Company (hereinafter State Farm) commenced this action seeking, inter alia, a judgment declaring that the professional corporations named as defendants in this action (hereinafter collectively the PC defendants) were not entitled to collect no-fault payments from it as they were unlawfully formed pursuant to New York law.
In November 2012, the defendants' answer in this action was conditionally stricken unless they complied with certain discovery demands on or before January 7, 2013. The Supreme Court thereafter granted State Farm's motion for leave to enter a default judgment against the defendants and entered judgment declaring that the PC defendants were unlawfully incorporated and were not entitled to collect no-fault benefits. The defendants appealed that order to this Court, which affirmed (see State Farm Mut. Auto. Ins. Co. v Anikeyeva, 130 AD3d 1007).
In 2013, the defendant Andrey Anikeyev pleaded guilty to federal charges involving health care fraud and mail fraud resulting from his role in operating acupuncture clinics via professional corporations which were not owned and controlled by a licensed acupuncturist as required by New York law. Anikeyev was sentenced to a term of imprisonment of 3½ years and ordered to pay restitution in excess of $4 million. Among the clinics involved in the fraudulent scheme was the defendant New Era Acupuncture, P.C. (hereinafter New Era).
In 2017, New Era attempted to enforce against State Farm a 2010 judgment New Era had obtained in a Civil Court action entitled New Era Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co. (hereinafter the O'Neal action/the O'Neal judgment). In response, State Farm moved for [*2]a preliminary injunction restraining the defendants from enforcing against it any judgments obtained "in any underlying No-Fault action," including the O'Neal judgment. The Supreme Court granted State Farm's motion, and the defendants appeal.
"'Generally, a party who has lost an action as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action against the party who adduced the false evidence, and the plaintiff's remedy lies exclusively in moving to vacate the judgment'" (McMahan v Belowich, 164 AD3d 1443, 1444, quoting DeMartino v Lomonaco, 155 AD3d 686, 688; see Newin Corp. v Hartford Acc. & Indem. Co., 37 NY2d 211, 217). However, "[a] cause of action for fraud and deceit will lie, even though perjury is present, where the perjury is merely a means to the accomplishment of a larger fraudulent scheme" (Newin Corp. v Hartford Acc. & Indem. Co., 37 NY2d at 217; see McMahan v Belowich, 164 AD3d at 1444; Specialized Indus. Servs. Corp. v Carter, 68 AD3d 750, 751-752). In alleging a larger fraudulent scheme, the plaintiff must proffer more than conclusory and unsubstantiated allegations (see DeMartino v Lomonaco, 155 AD3d at 688; North Shore Envtl. Solutions, Inc. v Glass, 17 AD3d 427, 428).
Here, by proffering evidence of the federal prosecution against Anikeyev, State Farm met its burden of demonstrating that the defendants obtained the O'Neal judgment as part of "'a larger fraudulent scheme'" (Specialized Indus. Servs. Corp. v Carter, 68 AD3d at 752, quoting Newin Corp. v Hartford Acc. & Indem. Co., 37 NY2d at 217), which was "'greater in scope than the issues determined'" in the O'Neal action (Specialized Indus. Servs. Corp. v Carter, 68 AD3d at 752, quoting Retina Assoc. of Long Is. v Rosberger, 299 AD2d 533, 533). Accordingly, the Supreme Court correctly determined that the exception to the general rule barring collateral attack applied in this case.
The defendants' remaining contentions are without merit.
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court