Saporito v Branda (2023 NY Slip Op 00968)

Saporito v Branda

2023 NY Slip Op 00968

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 155838/20 Appeal No. 17386 Case No. 2021-03724 

[*1]Steven A. Saporito, Plaintiff-Appellant,
v
RoseAnn C. Branda, Defendant-Respondent.

Steven A. Saporito, Brooklyn, appellant pro se.
Abrams Fensterman, LLP, Brooklyn (Robert A. Spolzino of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about July 14, 2021, which, to the extent appealed from, granted defendant's motion to dismiss the amended complaint, unanimously affirmed, without costs.
This appeal involves claims against an adversary's attorney. Steven Saporito (plaintiff) and nonparty JW (mother), who were never married, are the parents of one child. In December 2013, attorney RoseAnn C. Branda (defendant) was retained to represent the mother in custody and support proceedings involving physical custody of the child, then three years old, in Kings County Family Court.
Plaintiff alleges that on August 6, 2014, during these family court proceedings, defendant made misrepresentations to the court that the mother was unemployed, which caused the court to change the existing interim parenting schedule and award the mother more time with the child. He alleges that defendant knew this claim was false because prior to this court appearance, on July 18, 2014, she had offered the mother a job as her personal legal assistant.
Defendant contends that the mother did not begin working for her until September 2, 2014 and that the court did not rely on this statement because it maintained the 2-2-3 parenting schedule even after it learned of the mother's employment.
The first cause of action under Judiciary Law § 487 was properly dismissed, as plaintiff failed to plead any cognizable damages proximately caused by the alleged false statement made by defendant to the court (see Amalfitano v Rosenberg, 12 NY3d 8, 15 [2009]). The employment status of the mother of plaintiff's child was not determinative of the court's modification of the visitation schedule. In addition, the alleged single act of deceit was not "sufficiently egregious" to support the claim (see Strumwasser v Zeiderman, 102 AD3d 630, 631 [1st Dept 2013]). Moreover, the claim is barred as a collateral attack on orders issued in the underlying Family Court proceeding (see Specialized Indus. Servs. Corp. v Carter, 68 AD3d 750, 751-752 [2d Dept 2009]).
To the extent plaintiff seeks reinstatement of the amended complaint in its entirety, the second cause of action was properly dismissed, as plaintiff failed to plead justifiable reliance on defendant's alleged misrepresentation (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). We need not consider whether
the third and fourth causes of action were sufficiently pleaded because plaintiff has withdrawn those claims. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023