Matter of Caia N. (Terri N.)

2026 NY Slip Op 02117

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Caia N. (Anonymous). Administration for Children's Services, respondent; Terri N. (Anonymous), appellant. (Proceeding No. 1.)

In the Matter of Harriet N. (Anonymous), petitioner-respondent, Terri N. (Anonymous), appellant, Administration for Children's Services, respondent-respondent, et al., respondent. (Proceeding No. 2.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2023-05667, 2023-05690, (Docket Nos. N-9601-20, V-8687-21)

Lara J. Genovesi, J.P.

Barry E. Warhit

Donna-Marie E. Golia

Phillip Hom, JJ.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.

Steven Banks, Corporation Counsel, New York, NY (Amy McCamphill and D. Alan Rosinus, Jr., of counsel), for Administration for Children's Services, respondent in Proceeding No. 1 and respondent-respondent in Proceeding No. 2.

Cheryl Charles-Duval, Brooklyn, NY, for Harriet N., petitioner-respondent in Proceeding No. 2.

Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 10, and a related proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Kings County (Melody Glover, J.), dated August 23, 2022, and (2) an order of the same court dated January 6, 2023. The order dated August 23, 2022, enjoined the mother from filing any additional motions without leave of court. The order dated January 6, 2023, enjoined the mother from filing any petitions or motions without leave of court.

ORDERED that the orders are affirmed, without costs or disbursements.

The Administration for Children's Services (hereinafter the agency) filed a petition alleging that the mother neglected the subject child. After a fact-finding hearing, in an order dated May 23, 2023, the Family Court dismissed the neglect petition, finding that the agency failed to establish that the mother neglected the child (hereinafter the dismissal order). The agency and the child separately appealed from the dismissal order. In a decision and order dated October 23, 2024, this Court reversed the dismissal order and reinstated the petition, found that the mother neglected the child, and remitted the matter to the Family Court for a dispositional hearing and a determination [*2]thereafter (see Matter of Caia N. [Terri N.], 231 AD3d 1033).

In an order dated August 23, 2022, the Family Court enjoined the mother from filing any additional motions without leave of court. In an order dated January 6, 2023, the court enjoined the mother from filing any petitions or motions without leave of court. The mother appeals from both orders.

The Family Court providently exercised its discretion in precluding the mother from filing any additional motions or petitions without leave of court. While public policy generally mandates free access to the courts, a party may forfeit that right if that party abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (see Matter of Unger v Koren Ha, 234 AD3d 783, 785; Matter of Freyer v Macruari, 234 AD3d 755, 758). Here, the record reflects that the mother abused the judicial process through vexatious litigation (see Matter of Isaac S. [Miriam S.], 178 AD3d 829, 830; Scholar v Timinisky, 87 AD3d 577, 579). The mother has brought multiple applications seeking the same relief based on the same allegations (see Matter of Ram v Estate of Hershowitz, 149 AD3d 959, 960; Matter of Manwani v Manwani, 286 AD2d 767, 768). Under the circumstances presented, the court providently exercised its discretion in prohibiting the mother from filing any further petitions without prior court approval (see Matter of Unger v Koren Ha, 234 AD3d at 785-786).

The mother's remaining contention is not properly before this Court on appeal.

GENOVESI, J.P., WARHIT, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court