■ CLARENCE HARLEY, Appellant, v VALERIE A. HAWKINS, Respondent. [722 NYS2d 393] —In an action, *inter alia,* to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Pincus, J.), dated November 3, 1999, which, *inter alia,* granted the defendant's cross motion to dismiss the complaint as barred by the doctrine of res judicata.

Ordered that the order is affirmed, with costs.

In June 1998 the plaintiff brought an action against the defendant to recover damages for legal malpractice and negligence that allegedly occurred between September 1994 and January 1995. This Court affirmed the dismissal of that complaint as time-barred (*see, Harley v Hawkins,* 269 AD2d 496). The plaintiff then commenced this action in December 1998, seeking essentially the same relief based upon the same transactions. However, the plaintiff added a claim alleging breach of contract and another cause of action to recover damages for legal malpractice that allegedly occurred in December 1995. The Supreme Court granted the defendant's cross motion to dismiss the complaint, and we affirm.

The doctrine of res judicata "precludes litigation of matters that could or should have been raised in a prior proceeding between the parties arising from the same factual grouping, transaction or series of transactions" (*Matter of New York State Dormitory Auth. v Board of Trustees,* 239 AD2d 501, 502; *see, DeSanto Constr. Corp. v Royal Ins. Co.,* 278 AD2d 357; *Smith v Russell Sage Coll.,* 54 NY2d 185). The plaintiff's new allegations arise from the same attorney-client relationship that was the subject of the previously-dismissed complaint. Regardless of the timeliness of these new allegations, there can be no question that the plaintiff could have and should have pleaded them in the first complaint (*see, Smith v Russell Sage Coll., supra*).

The plaintiff's remaining contention is without merit. Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.