■ MONTALBANO, CONDON & FRANK, P.C., Respondent, v BART RODI, Appellant. [864 NYS2d 165]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated January 30, 2007, as granted those branches of the plaintiff's motion which were for summary judgment on the second cause of action to recover compensation for legal services rendered in the sum of $16,909.50 based on an account stated, and for summary judgment dismissing his counterclaims, and (2) from a judgment of the same court entered February 8, 2007, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $16,909.50.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff law firm commenced this action, inter alia, to recover damages for breach of contract against the defendant, a former client, to recover compensation for legal services rendered in a matrimonial action. As a second cause of action, the plaintiff sought compensation in the sum of $16,909.50 based on an account stated. The defendant, among other things, counterclaimed for damages sounding in legal malpractice based on the plaintiff's alleged belated disclosure of a conflict of interest in its representation of him in the matrimonial action. The plaintiff moved, inter alia, for summary judgment on its second cause of action and for summary judgment dismissing the defendant's counterclaims as barred by the doctrine of res judicata.

The plaintiff established its prima facie entitlement to judgment as a matter of law on its second cause of action with evidence that the defendant not only received and retained, without objection, invoices for legal services rendered, but also made partial payments on the invoices (*see Mintz & Gold, LLP v Hart*, 48 AD3d 526 [2008]). In opposition, the defendant failed to raise a triable issue of fact. Thus, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on its second cause of action.

The plaintiff established its prima facie entitlement to judgment as a matter of law dismissing the defendant's counterclaims as barred by the doctrine of res judicata with evidence that a prior action by the defendant against the plaintiff alleging legal malpractice arising from the same representation was dismissed on the merits (*see Harley v Hawkins*, 281 AD2d 593 [2001]). In opposition, the defendant argued that the doctrine of res judicata was not applicable because the prior action was premised upon different factual allegations, i.e., that the plaintiff was negligent in failing to serve and file a complaint in the matrimonial action. However, under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation (*see Matter of Hunter*, 4 NY3d 260 [2005]; *Matter of City of New York v Schmitt*, 50 AD3d 1032 [2008]). Under New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims are barred, even if based upon different theories or if seeking a different remedy (*see Matter of Hunter*, 4 NY3d 260 [2005]; *O'Brien v City of Syracuse*, 54 NY2d 353 [1981]). Here, the defendant's allegations of legal malpractice could have and

should have been raised in the prior action. Indeed, the defendant averred that he expressly raised the issue of a potential conflict at his first meeting with the plaintiff law firm. In light of this determination, we need not and do not reach the merits of the defendant's allegations. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.