■ 74 ELDERT, LLC, Respondent, v LINDA SHARP et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Defendants. KALMAN SINAY et al., Third-Party Defendants-Respondents. [29 NYS3d 543]—

In an action to recover damages for breach of a stipulation of settlement, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Pfau, J.), dated January 17, 2014, which, inter alia, granted those branches of the motion of the plaintiff and the third-party defendants which were for summary judgment on the complaint and dismissing the third-party complaint, and denied the cross motion of the defendant/third-party plaintiff Cie Sharp, among other things, for summary judgment on the third-party complaint.

Ordered that the appeal by the defendants/third-party plaintiffs Linda Sharp and Michael Sharp is dismissed, as they did not oppose the motion or join in the cross motion and, therefore, are not aggrieved by the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed on the appeal by the defendant/third-party plaintiff Cie Sharp; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In a prior action, the plaintiff sought specific performance of a contract of sale into which it entered with the defendant/third-party plaintiff Sharp Realty, LLC, to purchase a multiunit residential apartment building. On October 20, 2012, the parties in that action entered into a so-ordered stipulation of settlement agreeing to convey the subject property to the plaintiff at a sales price of $1.4 million. On July 8, 2013, a sheriff's deed was issued conveying the property to the plaintiff.

In this action, the plaintiff alleges that the defendants breached the stipulation of settlement by failing to turn over certain rent money and entering into below-market lease agreements subsequent to July 8, 2013. The defendants Linda Sharp, Cie Sharp, and Michael Sharp (hereinafter collectively the individual Sharp defendants), principals of the corporate defendants, Sharp Realty, LLC, and Sharp Family Realty, LLC, answered the complaint and commenced a third-party action against, among others, the plaintiff's attorneys. The plaintiff and the third-party defendants subsequently moved, inter alia, for summary judgment on the complaint and dismissing the

third-party action. Cie Sharp opposed the motion and cross-moved, inter alia, for summary judgment on the third-party complaint. The Supreme Court, inter alia, granted the aforementioned branches of the motion and denied the cross motion.

As asserted in his cross motion, Cie Sharp contends that the stipulation was invalid and the result of fraud perpetrated by, among others, the plaintiff and the third-party defendants. However, consideration of these issues is barred by the doctrine of collateral estoppel.

Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent proceeding or action an issue that was raised in a prior action or proceeding and decided against that party or those in privity (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). For the bar to apply, the issue must have been material to the first action and "essential to the decision rendered therein," and it must be the point that is to be determined in the second action, such that "a different judgment in the second would destroy or impair rights or interests established by the first" (*id.* at 500, 501 [internal quotation marks omitted]). In addition, the party against whom preclusion is sought must have had a " 'full and fair opportunity to contest the matter in the prior action' " (*SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank*, 128 AD3d 674, 676 [2015], quoting *Strough v Incorporated Vil. of W. Hampton Dunes*, 78 AD3d 1037, 1039 [2010]).

Here, the subject issues were necessarily determined on a prior appeal by Cie Sharp and decided against him in the specific performance action, wherein this Court affirmed a Supreme Court order denying his motion to vacate the so-ordered stipulation of settlement (*see 74 Eldert, LLC v Sharp Realty, LLC*, 129 AD3d 821 [2015]).

Further, the counterclaims, which alleged "fraud, corruption and unfairness," are barred by the doctrine of res judicata. Under the doctrine of res judicata, or claim preclusion, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter (*see Specialized Realty Servs., LLC v Maikisch*, 123 AD3d 801 [2014]; *Wisell v Indo-Med Commodities, Inc.*, 74 AD3d 1059 [2010]; *Montalbano, Condon & Frank, P.C. v Rodi*, 54 AD3d 1012 [2008]). Here, the claims underlying the counterclaims were litigated in the specific performance action and dismissed on the merits. Thus, the counterclaims are barred by the doctrine of res judicata. Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.