██ Lillian Fischer, Appellant, v City of New York et al., Respondents. [48 NYS3d 247]—

In an action, inter alia, to recover damages for employment discrimination and unlawful termination, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered April 14, 2015, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred, and denied, as academic, her cross motion to disqualify the defendants' attorney from representing the defendants Linda Alfred, Roz German, Peggy Lawrence, and Joseph Belesi, in their individual capacities.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action on June 17, 2014, alleging, among other things, racial and religious discrimination, libel and slander, intentional and negligent infliction of emotional distress, conversion, breach of contract, breach of a fiduciary duty, and unlawful termination from her probationary secretarial position. Her claims were predicated upon alleged incidents that occurred between September 2004 and

February 2008. Prior to commencing this action, the plaintiff had filed a claim in federal court against the same defendants, based on the same transactions and occurrences. The federal claim was dismissed by the United States District Court for the Eastern District of New York in July 2012, which dismissal was affirmed by the United States Court of Appeals for the Second Circuit in May 2013.

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. With respect to the plaintiff's claims predicated upon alleged incidents that occurred between September 2004 and February 2008, it is undisputed that the applicable statute of limitations periods had expired, and those claims could only survive the defendants' timeliness challenge if this action had been commenced within the six-month tolling period provided for in CPLR 205 (a). As is relevant here, CPLR 205 (a) provides that a plaintiff may commence a new action "within six months after the termination [of the prior action] provided that the new action would have been timely commenced at the time of commencement of the prior action." Contrary to the plaintiff's contention, the Supreme Court properly determined that for the purposes of CPLR 205 (a), the plaintiff's prior, federal action terminated upon issuance of the Second Circuit's order in May 2013 (see CPLR 205 [a]; *Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 519 [2005]; *Lehman Bros. v Hughes Hubbard & Reed*, 92 NY2d 1014, 1016-1017 [1998]). Thereafter, the plaintiff had six months to commence a new action, and she did not do so. The instant action was not commenced until June 17, 2014.

Upon granting the defendants' motion to dismiss the complaint, the Supreme Court properly denied, as academic, the plaintiff's cross motion to disqualify defense counsel from representing the defendants Linda Alfred, Roz German, Peggy Lawrence, and Joseph Belesi, in their individual capacities.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.