■ FRANK DeMARTINO et al., Appellants, v CONCETTA LOMO- NACO et al., Respondents, et al., Defendants. [64 NYS3d 275]—

In an action, inter alia, to recover damages for fraud and violation of Judiciary Law § 487, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Livote, J.), entered September 28, 2015, as granted that branch of the motion of the defendants Concetta Lomonaco, SNC Properties, LLC, Stenis Lomonaco, Heavy Construction Co., Inc., Paul Golden, Esq., and Hagan, Coury & Associates which was for summary judgment dismissing the complaint insofar as asserted against them, and denied, as academic, their motion to disqualify the defendants Paul Golden, Esq., and Hagan, Coury & Associates from representing the defendants Concetta Lomonaco, SNC Properties, LLC, Stenis Lomonaco, and Heavy Construction Co., Inc., in this action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In an underlying action entitled *SNC Props., LLC v Frank DeMartino*, commenced in the Supreme Court, Queens County, under index No. 31518/10, SNC Properties, LLC (hereinafter SNC), obtained an order dated June 24, 2011, granting its motion to dispose of the personal property of the plaintiffs herein, which was stored on SNC's premises (hereinafter the disposal order). The disposal order directed that SNC could dispose of the plaintiffs' personal property if the plaintiffs did not remove their property from the premises within 10 days of service of the order. After the plaintiffs failed to remove their property from SNC's premises in the time allotted to them by the dis-

posal order, they moved for leave to reargue SNC's motion to dispose of their personal property. In an order dated April 9, 2012, the court denied the plaintiffs' motion for leave to reargue (hereinafter the reargument order). The plaintiffs then commenced this action, inter alia, alleging that the reargument order had been fraudulently obtained.

The plaintiffs moved to disqualify the defendants Paul Golden, Esq., and Hagan, Coury & Associates from representing the defendants Concetta Lomonaco, SNC, Stenis Lomonaco, and Heavy Construction Co., Inc. The defendants Concetta Lomonaco, SNC, Stenis Lomonaco, Heavy Construction Co. Inc., Paul Golden, Esq., and Hagan, Coury & Associates (hereinafter collectively the moving defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the moving defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and denied, as academic, the plaintiff's disqualification motion. The plaintiffs appeal.

The Supreme Court properly granted that branch of the moving defendants' motion which was for summary judgment dismissing the causes of action alleging conversion, aiding and abetting conversion, unjust enrichment, and replevin insofar as asserted against them based on the doctrine of collateral estoppel, which "bars relitigation of an issue which has necessarily been decided in [a] prior action and is decisive of the present action if there has been a full and fair opportunity to contest the decision now said to be controlling" (*Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008] [internal quotation marks omitted]). The moving defendants established their prima facie entitlement to summary judgment by demonstrating that the issues decided by the disposal order issued in the underlying action—SNC's authority to exercise control over the plaintiffs' property, its right to lawfully withhold that property from the plaintiffs, and the equity of permitting it to retain said property—are decisive to the causes of action sounding in conversion, unjust enrichment, and replevin insofar as asserted against the moving defendants. In opposition, the plaintiffs failed to show that they lacked a full and fair opportunity to litigate the issues (*see JPMorgan Chase Bank v Ezagui*, 90 AD3d 714, 715-716 [2011]).

The Supreme Court also properly granted that branch of the moving defendants' motion which was for summary judgment dismissing the causes of action alleging fraud, aiding and abetting fraud, violation of Judiciary Law § 487, and prima facie

tort insofar as asserted against them. Generally, a party who has lost an action as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action against the party who adduced the false evidence, and the plaintiff's remedy lies exclusively in moving to vacate the judgment (*see North Shore Envtl. Solutions, Inc. v Glass*, 17 AD3d 427, 427-428 [2005]; *Retina Assoc. of Long Is. v Rosberger*, 299 AD2d 533 [2002]; *New York City Tr. Auth. v Morris J. Eisen, P.C.*, 276 AD2d 78, 87 [2000]; *Yalkowsky v Century Apts. Assoc.*, 215 AD2d 214, 215 [1995]). Under an exception to that rule, a separate action may be commenced where the alleged perjury or fraud in the underlying action was "merely a means to the accomplishment of a larger fraudulent scheme" (*Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217 [1975]) which was "greater in scope than the issues determined in the prior proceeding" (*Retina Assoc. of Long Is. v Rosberger*, 299 AD2d at 533 [internal quotation marks omitted]).

Here, the moving defendants established their prima facie entitlement to summary judgment dismissing the causes of action alleging fraud, aiding and abetting fraud, violation of Judiciary Law § 487, and prima facie tort insofar as asserted against them by demonstrating that the plaintiffs are merely attempting to collaterally attack an order issued in the underlying action. In opposition, the plaintiffs only raised conclusory and unsubstantiated allegations that the moving defendants' fraud in the underlying action was "merely a means to the accomplishment of a larger fraudulent scheme" (*Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d at 217).

Upon granting the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, the Supreme Court properly denied, as academic, the plaintiffs' motion to disqualify Golden and Hagan, Coury & Associates from representing the other moving defendants (*see Fischer v City of New York*, 147 AD3d 1030, 1031 [2017]).

In light of this determination, we need not reach the parties' remaining contentions. Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.