McMahan v Belowich (2018 NY Slip Op 06238)





McMahan v Belowich


2018 NY Slip Op 06238


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-01570
 (Index No. 65377/16)

[*1]Elena McMahan, appellant, 
v
Brian Belowich, et al., respondents.


Law Office of Yonatan S. Levoritz, P.C., Brooklyn, NY, for appellant.
Belowich & Walsh LLP, White Plains, NY (Brian T. Belowich pro se and Kerry Ford Cunningham of counsel), respondent pro se and for respondent Susie McMahan Perry, also known as Leslie Susan Perry, as personal representative of the estate ofDavid Bruce McMahan.



DECISION & ORDER
In an action to recover damages for common-law fraud and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated February 6, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The relevant background facts are set forth in our decision on a related appeal, in an underlying action brought by David Bruce McMahan (hereinafter the decedent) against the appellant (see Perry v McMahan, _____ AD3d ______ [Appellate Division Docket No. 2016-01356; decided herewith]). While the underlying action was pending, the appellant commenced this action against the decedent and his attorneys. The complaint in this action alleged that the appellant was induced to enter into a stipulation dated May 11, 2016, in the underlying action, as a result of intentional misrepresentations by the decedent's attorneys as to the amount of the legal fees incurred by the decedent. The complaint asserted causes of action sounding in common-law fraud and violation of Judiciary Law § 487. The decedent and his attorneys moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted that motion, and this appeal ensued.
Pursuant to CPLR 5015(a)(3), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of fraud, misrepresentation, or other misconduct of an adverse party." "Generally, a party who has lost an action as a result of alleged fraud or false testimony cannot collaterally attack the judgment in a separate action against the party who adduced the false evidence, and the plaintiff's remedy lies exclusively in moving to vacate the judgment" (DeMartino v Lomonaco, 155 AD3d 686, 688; see Yalkowsky v Century Apts. Assocs., 215 AD2d 214, 215). There is an exception to that rule, if the fraud in the underlying action was the means to the accomplishment of a larger fraudulent scheme (see DeMartino v Lomonaco, 155 AD3d at 688). However, there is no indication that that exception was applicable here.
Accordingly, we agree with the Supreme Court's determination granting that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court