Fowler v Indymac Bank, FSB (2019 NY Slip Op 07055)





Fowler v Indymac Bank, FSB


2019 NY Slip Op 07055


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-05730
 (Index No. 3908/17)

[*1]David Fowler, appellant, et al., plaintiff,
v
Indymac Bank, FSB, et al., respondents.


David Fowler, Mastic, NY, appellant pro se.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to quiet title to real property, the plaintiff David Fowler appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 28, 2018. The order, insofar as appealed from, granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2006, the plaintiffs David Fowler (hereinafter the appellant) and his now-deceased wife Francine Fowler (hereinafter the decedent) obtained a loan from the defendant Indymac Bank, FSB (hereinafter Indymac), secured with a mortgage against real property located in Mastic. In December 2011, Indymac assigned the mortgage and the note to the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank), in its capacity as trustee for a pool of mortgages held as collateral for a mortgage-backed security. The appellant and the decedent allegedly defaulted in payment and, in 2012, Deutsche Bank commenced a foreclosure action against them. The appellant answered and asserted lack of standing as an affirmative defense. The court in that action (hereinafter the foreclosure court), upon denying the parties' cross motions for summary judgment, held a trial on the issue of standing, among other things. The foreclosure court ultimately determined that Deutsche Bank had standing to foreclose upon the subject property.
Around the time of the foreclosure court's standing determination, the appellant commenced this action against Indymac, Deutsche Bank, and others, on behalf of himself and the decedent. The complaint seeks various forms of relief, all premised on the theory that the mortgage and the note at some point ceased to represent an enforceable security interest in the subject property. The defendants defaulted in answering or appearing, and the appellant moved for a default judgment. The defendants opposed the appellant's motion, and cross-moved to vacate their default, to dismiss the complaint pursuant to, inter alia, CPLR 3211(a)(5), and, in the alternative, for an order compelling the acceptance of an untimely answer. By order dated March 28, 2018, the Supreme Court granted those branches of the defendants' cross motion which were to vacate their default and to dismiss the complaint pursuant to CPLR 3211(a)(5) under the doctrine of collateral estoppel. This appeal ensued.
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a [*2]party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [emphasis omitted]; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199). "This doctrine applies only if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party to be bound] had a full and fair opportunity to litigate the issue in the earlier action'" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior action and is decisive of the present action, and " [t]he party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination'" (Morrow v Gallagher, 113 AD3d 827, 828, 829, quoting City of New York v College Point Sports Assn., Inc., 61 AD3d 33, 42).
Here, the evidence submitted by the defendants in support of their cross motion was sufficient to establish that the issue decisive of the present action was necessarily decided by the foreclosure court when it determined that Deutsche Bank had standing to foreclose upon the subject property (see DeMartino v Lomonaco, 155 AD3d 686, 687; 74 Eldert, LLC v Sharp, 138 AD3d 819, 820). In response, the appellant failed to demonstrate the absence of a full and fair opportunity to contest that determination, which was made following a trial (see Shaid v Consolidated Edison Co. of N.Y., 95 AD2d 610, 614). Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint under the doctrine of collateral estoppel (see DeMartino v Lomonaco, 155 AD3d at 687; Hanspal v Washinton Mut. Bank, 153 AD3d 1329, 1331-1332; 74 Eldert, LLC v Sharp, 138 AD3d at 820; MLCFC 2007-9 ACR Master SPE, LLC v Camp Waubeeka, LLC, 123 AD3d 1269, 1272-1273).
In addition, the appellant failed to request leave to amend his complaint, and the Supreme Court did not err in declining to grant such relief sua sponte (see Inter-Community Mem. Hosp. of Newfane v Hamilton Wharton Group, Inc., 93 AD3d 1176, 1177-1178; Baron v Pfizer, Inc., 42 AD3d 627, 630).
We need not reach the parties' remaining contentions in light of the foregoing.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court