Stein v Davidow, Davidow, Siegel & Stern, LLP (2020 NY Slip Op 04611)





Stein v Davidow, Davidow, Siegel & Stern, LLP


2020 NY Slip Op 04611


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2019-06620
 (Index No. 612917/18)

[*1]Douglas Stein, etc., et al., appellants, 
v
Davidow, Davidow, Siegel & Stern, LLP, et al., respondents.


Andrew Lavoott Bluestone, New York, NY, for appellants.
Kritzer Law Group, Smithtown, NY (Karl Zamurs of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 3, 2019. The order granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of limitations and denied the plaintiffs' cross motion pursuant to CPLR 306-b for an extension of time to serve the defendants with the summons and complaint.
ORDERED that the order is affirmed, with costs.
In 2009, the plaintiffs commenced an action against the defendants to recover damages for legal malpractice (hereinafter the 2009 action), alleging, inter alia, that the decedent Claire W. Stein retained the defendants in connection with estate planning work between 2004 and 2007. By order dated March 25, 2014, the Supreme Court directed dismissal of the 2009 action pursuant to 22 NYCRR 202.27(b) based on the plaintiffs' failure to appear at a court conference, and by order dated December 23, 2014, the court denied the plaintiffs' motion to vacate their default in appearing at the conference. By decision and order dated January 10, 2018, this Court affirmed the December 23, 2014, order (see Stein v Davidow, Davidow, Siegel & Stern, LLP, 157 AD3d 741, 741).
The plaintiffs commenced this action on July 6, 2018, alleging causes of action sounding in legal malpractice and breach of fiduciary duty based upon the same alleged transactions or occurrences as those alleged in the 2009 action. The plaintiffs served a copy of the summons and complaint in the instant action upon the defendant Davidow, Davidow, Siegel & Stern, LLP, on September 13, 2018, and served copies of the summons and complaint on the defendants Lawrence Siegel and Steven Stern on September 18, 2018. Thereafter, the defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of limitations, and the plaintiffs cross-moved pursuant to CPLR 306-b for an extension of time to serve the defendants with the summons and complaint. By order dated May 3, 2019, the Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
We agree with the Supreme Court's determination granting the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. It is undisputed that the applicable limitations periods had expired and the plaintiffs' causes of action could only survive the [*2]defendants' timeliness challenges if the plaintiffs complied with the provisions of CPLR 205(a). CPLR 205(a) provides, in relevant part, that a plaintiff may commence a new action upon the same transactions or occurrences as the prior action "within six months after the termination [of the prior action] provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" ([emphasis added]; see Marrero v Crystal Nails, 114 AD3d 101, 108). The plaintiffs contend that they were never served with a copy of this Court's January 10, 2018, order with notice of entry, and further contend that, as a result, their service of the summons and complaint upon the defendants in this action was timely. We reject this contention (see Pi Ju Tang v St. Francis Hosp., 37 AD3d 690, 691). For the purpose of CPLR 205(a), the 2009 action terminated on January 10, 2018, when this Court's order was entered (see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 519-520; Fischer v City of New York, 147 AD3d 1030, 1031; Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608; Pi Ju Tang v St. Francis Hosp., 37 AD3d at 691; Burns v Pace Univ., 25 AD3d 334, 335; Yates v Genesee County Hospice Found., 299 AD2d 900, 901; Extebank v Finkelstein, 188 AD2d 513, 513; see also 22 NYCRR 1250.16[a]). Accordingly, the six-month period began to run on January 10, 2018, and the plaintiffs' service of the summons and complaint upon the defendants in September 2018 was untimely.
Further, we agree with the Supreme Court's determination denying the plaintiffs' cross motion pursuant to CPLR 306-b for an extension of time to serve the defendants. Since the action was time-barred, neither this Court nor the Supreme Court has authority to extend the plaintiffs' time to serve the summons and complaint on the defendants (see CPLR 201; Quinones v Neighborhood Youth & Fam. Servs., Inc., 71 AD3d 1106, 1106; Henriquez v Inserra Supermarkets, Inc., 68 AD3d 927, 928).
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court