J & T Beach Corp. v Town of Oyster Bay

2026 NY Slip Op 01951

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

J & T Beach Corp., etc., respondent,

v

Town of Oyster Bay, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-07161, (Index No. 611354/23)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Frank M. Scalera, Town Attorney, Oyster Bay, NY (Jeffrey A. Lesser of counsel), for appellants.

La Reddola, Lester & Associates, LLP, Garden City, NY (Robert J. La Reddola of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the defendants Town of Oyster Bay, Town Board of the Town of Oyster Bay, and Joseph G. Pinto, as Commissioner of the Town of Oyster Bay Department of Parks, appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered March 22, 2024. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the first and second causes of action insofar as asserted against them.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Town of Oyster Bay, Town Board of the Town of Oyster Bay, and Joseph G. Pinto, as Commissioner of the Town of Oyster Bay Department of Parks, which were pursuant to CPLR 3211(a)(5) to dismiss the first and second causes of action insofar as asserted against them are granted.

In April 2023, the plaintiff, J & T Beach Corp. (hereinafter J & T), commenced a proceeding (hereinafter the prior proceeding) pursuant to CPLR article 78 against the Town of Oyster Bay, Town Board of the Town of Oyster Bay, and Joseph G. Pinto, as Commissioner of the Town of Oyster Bay Department of Parks (hereinafter collectively the Town defendants). In the prior proceeding, J & T challenged the Town defendants' determination to terminate a license agreement (hereinafter the agreement) permitting J & T to operate a beach bar concession stand, alleging, inter alia, that the Town defendants terminated the agreement more than 10 months prior to the end of the term of the agreement and that J & T "was not given the thirty (30) days written notice as required under Section 36 of the [a]greement." In an order dated May 26, 2023, the Supreme Court denied the petition and, in effect, dismissed the prior proceeding.

In July 2023, J & T commenced this action against, among others, the Town defendants, among other things, to recover damages for breach of the agreement. The amended complaint asserted, inter alia, that J & T was entitled to "certain credits for overpayments" made to the Town defendants due to the termination of the agreement. The Town defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it, contending, among [*2]other things, that the action was barred by the doctrine of res judicata. In an order entered March 22, 2024, the Supreme Court, inter alia, denied those branches of the Town defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the first and second causes of action insofar as asserted against them as barred by the doctrine of res judicata. The Town defendants appeal.

The Supreme Court should have granted those branches of the Town defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the first and second causes of action insofar as asserted against them on the ground that they were barred by the doctrine of res judicata. "Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Simmons v Trans Express Inc., 37 NY3d 107, 111 [internal quotation marks omitted]; see Yu Chan Li v City of New York, 240 AD3d 832, 834). "The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding" (Sunny v Hossain, 236 AD3d 699, 700-701 [internal quotation marks omitted]). "'[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (Simmons v Trans Express Inc., 37 NY3d at 111 [emphasis omitted], quoting O'Brien v City of Syracuse, 54 NY2d 353, 357).

Here, the Supreme Court should have granted dismissal of the first and second causes of action on the ground that they were barred by the doctrine of res judicata (see Heller v NYC Sch. Support Servs., Inc., 237 AD3d 674, 676; Albanez v Charles, 134 AD3d 657, 658). Although the amended complaint is based upon a different theory than the petition in the prior proceeding, the first and second causes of action in this action arise from the same factual grouping or transaction as in the prior proceeding and could have been resolved in the prior proceeding (see Yu Chan Li v City of New York, 240 AD3d at 834-835; Montalbano, Condon & Frank, P.C. v Rodi, 54 AD3d 1012, 1013-1014).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted those branches of the Town defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the first and second causes of action insofar as asserted against them.

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court