GLENN A. IRVIN, as Trustee in Bankruptcy of the Estate of FRANK M. SCHARDT, Bankrupt, Respondent, Appellant, *v.* FRANK M. SCHARDT and KATHERINE SCHARDT, Appellants, Respondents.

Fourth Department, May 8, 1940.

*Joseph A. Wechter*, for the plaintiff.

*Arthur E. Otten* [*Ray M. Stanley* with him on the brief], for the defendants.

CROSBY, P. J. This is an appeal by defendants from a judgment declaring that a certain deed given by defendant Frank M. Schardt to defendant Katherine Schardt is a fraud on creditors and null and void and should be canceled. There is also an appeal by plaintiff from an order denying plaintiff additional costs under section 276-a of the Debtor and Creditor Law. Plaintiff is trustee of the bankrupt estate of Frank M. Schardt. The original complaint in this action and the first amended complaint both allege that defendant Frank M. Schardt, on August 28, 1930, deeded to his mother, defendant Katherine Schardt, the former's interest in certain real estate; that such interest was worth much in excess of $2,500; that the deed was given in consideration of a loan of $2,500 by Katherine to Frank M. Schardt; that the deed was intended and understood, by the parties to it, to be only a mortgage security for $2,500; that the deed rendered Frank M. Schardt insolvent and that he afterward became a voluntary bankrupt; and that the deed was a fraud upon creditors. Each of the first two complaints prayed (1) that the deed be judicially declared to be a mortgage for $2,500, and (2) that the mortgage be declared void. The defendants demanded, at the opening of the trial and again at the end of plaintiff's proof, that plaintiff be compelled to make an election of remedies demanded. The referee declined to compel plaintiff to elect until the end of the trial. We think this was a proper exercise of discretion, for this is an equity case, plaintiff was compelled to obtain most of his evidence from defendants themselves, and, as was said in the case of *Bloomquist* v. *Farson* (222 N. Y. 375, 380): " Equity will administer such relief as the exigencies of the case demand at the close of the trial."

Had defendants rested on the plaintiff's evidence the most that plaintiff could have obtained was a judgment declaring the deed in question a mortgage for $2,500. However, in attempting to prove that Frank M. Schardt was not insolvent when he gave the deed and in attempting to prove that he received considerations for the deed other than the loan of $2,500, defendants were so far discredited, in the opinion of the referee, that he decided that no consideration whatsoever was paid for the deed, not even the $2,500; and, at the referee's suggestion, a second amended com-

plaint was filed, after the trial was completed, alleging that no consideration was paid by Katherine Schardt to Frank M. Schardt for the deed and that the giving thereof was a fraud upon creditors in which both defendants participated.

The defendants attempted to establish that Katherine Schardt loaned Frank M. Schardt not only the $2,500 heretofore mentioned but also $3,200 at one time and $3,000, represented by bank stock, at another time, and that the deed was given to pay all these loans. The referee found that none of the three loans were made and gave the relief demanded in the last amended complaint.

We agree with the findings that the $3,200 and the $3,000 were not advanced by Katherine Schardt as consideration for the deed. These findings are amply supported by the testimony of both of the defendants themselves, given in the bankruptcy hearing and read into the record in this case. But the finding that the $2,500 was not advanced is contrary to the theory of the first and second complaints and contrary to the theory on which the plaintiff tried his case, and is, we think, against the weight of the evidence.

We believe that a new trial is not called for, but that the finding (contained in the referee's report, not in formal findings) that the " loans were never made " (of the several amounts, aggregating $2,500) should be disapproved and reversed and in lieu thereof the following finding should be made: " That from time to time, previously to August 28, 1930, Katherine Schardt loaned sums of money, aggregating $2,500, to Frank M. Schardt, and that, on August 28, 1930, Frank M. Schardt delivered to Katherine Schardt the deed mentioned in the complaint, which deed was given and accepted, and intended by the defendants as a mortgage security for the repayment of $2,500 with interest from the said date by said Frank M. Schardt to Katherine Schardt. That in so far as said deed purports to give to Katherine Schardt more than a mortgage for the payment of $2,500 and interest it is a fraud upon creditors."

And the judgment should be modified so as to provide as follows: " That the title to the real property described in the complaint is vested in the plaintiff as trustee of the bankrupt estate of Frank M. Schardt, subject to a valid mortgage lien for the payment of $2,500 and interest from the 28th day of August, 1930, to Katherine Schardt."

The judgment, as so modified, should be affirmed, without costs of this appeal to either party.

The order denying to plaintiff additional costs under section 276-a of the Debtor and Creditor Law, from which a cross-appeal was taken by plaintiff, is merged in the judgment, and the appeal from such order becomes academic.

Certain finding of fact disapproved and reversed and new finding made.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Judgment modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. Appeal from order dismissed as academic. Certain finding of fact disapproved and reversed and new finding made.