Knapp v Finger Lakes NY, Inc. (2020 NY Slip Op 03353)





Knapp v Finger Lakes NY, Inc.


2020 NY Slip Op 03353


Decided on June 12, 2020


Appellate Division, Fourth Department


Troutman, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, AND TROUTMAN, JJ.


1050 CA 19-00507

[*1]TINA KNAPP AND MICHAEL KNAPP, PLAINTIFFS-APPELLANTS,
v
FINGER LAKES NY, INC., DOING BUSINESS AS DIVERSIFIED CONTRACTING COMPANY, AND JOEL S. SMITH, DEFENDANTS-RESPONDENTS. 






MICHAEL KNAPP, PLAINTIFF-APPELLANT PRO SE. 
TREVETT CRISTO P.C., ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


Troutman
 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered January 3, 2019. The order denied the motion of plaintiffs to set aside a jury verdict. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Opinion by Troutman, J.:
Plaintiffs commenced this action to recover damages for, inter alia, diversion of trust funds in violation of Lien Law article 3-A. Following a jury trial, the jury found, inter alia, that plaintiffs sustained no damages as a result of defendants' admitted Lien Law violation. Plaintiffs moved pursuant to CPLR 4404 to set aside the verdict with respect to the Lien Law cause of action and for judgment in their favor, or, alternatively, for a new trial. A final judgment was entered August 21, 2018, and an order denying the CPLR 4404 motion was entered January 3, 2019. Plaintiffs appeal from the order, but not the judgment.
I 
As a preliminary matter, we must consider whether a party may appeal directly from an order denying a CPLR 4404 motion when that order was entered after entry of a final judgment. In some of our previous cases, we have concluded that such an order is "subsumed in the judgment and the right to appeal directly therefrom terminated" (Paul Revere Life Ins. Co. v Campagna, 233 AD2d 954, 955 [4th Dept 1996]; see Taylor v Birdsong, 158 AD3d 1281, 1282 [4th Dept 2018]). We now conclude that the rule set forth in Paul Revere Life Ins. Co. is inconsistent with the statutory framework and with Court of Appeals precedent, and should no longer be followed. Accordingly, we hold that an order otherwise appealable as of right (see CPLR 5701 [a]) entered after the entry of a final judgment is not subsumed in the judgment, but is independently appealable.
An appeal may be taken as of right from an order that, inter alia, "involves some part of the merits," "affects a substantial right," or "refuses a new trial" (CPLR 5701 [a] [2] [iii]-[v]). If, however, a court enters an "intermediate order" and subsequently enters a final judgment, the Court of Appeals has held that the entry of the judgment terminates the right to appeal from the order (Matter of Aho, 39 NY2d 241, 248 [1976]). In other words, the intermediate order merges into the final judgment (see e.g. Irvin v Schardt, 259 App Div 474, 476 [4th Dept 1940], affd 286 NY 668 [1941]; Frank v Rowland & Shafto, Inc., 169 App Div 918, 918 [1st Dept 1915]; Bates v Holbrook, 89 App Div 548, 551 [1st Dept 1904], appeal dismissed 178 NY 568 [1904]). Although the right of appeal terminates, the order is not beyond review. There is a statutory remedy. An appeal from the final judgment "brings up for review," inter alia, "any non-final [*2]judgment or order which necessarily affects the final judgment" or "any order denying a new trial" (CPLR 5501 [a] [1], [2]). Thus, CPLR 5501 (a) salvages the ability of aggrieved parties to seek review of the intermediate order on appeal.
On the other hand, orders entered after the entry of a final judgment cannot conceptually merge into the judgment. The rule in Aho applies only to an "intermediate order" (39 NY2d at 248; see O'Neill v O'Neill, 174 AD3d 1526, 1527 [4th Dept 2019]), which the Court of Appeals has defined as an order "made after the commencement of the action and before the entry of judgment" (Fox v Matthiessen, 155 NY 177, 179 [1898]). Consequently, inasmuch as the right of appeal from a post-judgment order remains in effect, we conclude that the appeal from the order here is properly before us.
II
Nevertheless, we are unable to address the merits of plaintiffs' contentions because the record does not include a full trial transcript, and therefore we dismiss the appeal (see Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]; see also Bouchey v Claxton-Hepburn Med. Ctr., 117 AD3d 1216, 1216-1217 [3d Dept 2014]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court