Wilder v Fresenius Med. Care Holdings, Inc. (2023 NY Slip Op 01978)

Wilder v Fresenius Med. Care Holdings, Inc.

2023 NY Slip Op 01978

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Oing, Gesmer, Mendez, Shulman, JJ. 

Index No. 100841/18 Appeal No. 17638N Case No. 2022-00961 

[*1]Nicholas Wilder, Plaintiff-Appellant,
v
Fresenius Medical Care Holdings, Inc., Doing Business as Fresenius Medical Care North America, et al., Defendants-Respondents.

Nicholas Wilder, New York, appellant pro se.
Coffey Modica O'Meara Capowski LLP, White Plains (Juliann O'Meara of counsel), for Fresenius Medical Care Holdings, Inc., Avantus Rental Therapy New York, LLC, Marilou Mateo, Judy Ammar, Chenille Apurada and Saraswati Kasti, respondents.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for Eliot Charen, M.D., respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about February 1, 2022, which to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to file a second amended complaint, unanimously modified, on the law, to grant plaintiff leave to file the second amended complaint adding factual allegations in support of the causes of action for violations of New York City and State Human Rights Laws except to the extent that they relate to his allegedly being locked out of the defendants' facility, failure to train, failure to supervise, and negligent retention; and asserting new causes of action for defamation by defendant Chenille Apurada and new defendant Anuja Shrestha, breach of the physician-patient privilege, battery, and medical malpractice except as to the proposed sixteenth cause of action for failure to provide the drug Epogen and the proposed twentieth cause of action for deficient ultrafiltration, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in denying leave to amend to add new factual allegations in support of previously dismissed claims for negligent infliction of emotional distress, intentional infliction of emotional distress, violations of the New York State and City Human Rights Laws based on plaintiff's allegedly being locked out of the facility, breach of fiduciary duty, defamation by defendant Judy Ammar, medical malpractice based on failure to provide Epogen (sixteenth cause of action of the proposed second amended complaint), and quasi-contract. The proposed new factual allegations do not cure the defects cited in Supreme Court's prior order, entered August 16, 2019 (Lynn R. Kotler, J.), which granted in part and denied in part defendants' motion to dismiss the amended complaint (see Kliebert v McKoan, 228 AD2d 232, 233 [1st Dept 1996], lv denied 89 NY2d 802 [1996]). Moreover, Supreme Court's determination that these defects rendered the pleading insufficient is law of the case (see MBF Clearing Corp. v JPMorgan Chase Bank, N.A., 189 AD3d 546, 546 [1st Dept 2020], lv denied 36 NY3d 912 [2021]), and although this Court is not bound by Supreme Court's determination in that regard, we nonetheless affirm based on our own sufficiency review (see id.).
While the proposed new allegations with respect to the defamation claim based on alleged statements by Judy Ammar do address the August 2019 order's concerns regarding lack of particularity, plaintiff was specifically given 20 days to cure the deficiency but made no attempt to do so until over a year later. Nor did plaintiff request an extension of time to replead.
However, leave to amend should have been granted to add the proposed new causes of action for defamation by Chenille Apurada and Anuja Shrestha, breach of the physician-patient privilege, and battery. Defendants make no claim of surprise or prejudice with respect to these claims and do not explain how they are palpably insufficient [*2]or patently without merit. These claims are also not "duplicative of dismissed claims," as they involve incidents that were not previously alleged, some of which did not even occur until after the prior amended complaint was filed (see Sullivan v Harnisch, 100 AD3d 513, 514 [1st Dept 2012]).
Plaintiff should have been granted leave to amend to add other new factual allegations in support of his discrimination claims. The proposed new allegations directly address the August 2019 order's concerns regarding plaintiff's failure to link defendants' conduct to plaintiff's disability, rendering "the sufficiency of the allegations in the earlier complaint . . . academic" and the law of the case doctrine inapplicable (see Thompson v Cooper, 24 AD3d 203, 205 [1st Dept 2005]).
Leave to amend also should have been granted to add the proposed new causes of action for medical malpractice based upon failure to warn of the dangers of dialysis, failure to treat hyperphosphatemia, and excessive ultrafiltration (seventeenth through nineteenth proposed causes of action). These claims also are not duplicative of previously dismissed claims and, contrary to defendants' suggestion, plaintiff is not required to prove his medical malpractice claims with expert testimony at this stage (see generally MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]).
Plaintiff should also have been granted leave to amend to add additional factual detail to his causes of action for failure to train, failure to supervise, and negligent retention, which were previously allowed to go forward.
Plaintiff does not appeal the denial of leave to amend with respect to his two proposed causes of action alleging breach of contract and requesting injunctive relief. He also does not address his proposed causes of action for negligence per se, medical malpractice based upon failure to provide the drug Epogen, medical malpractice based upon deficient ultrafiltration, and common law negligence. Accordingly, any claims regarding these causes of action are deemed abandoned.
To the extent defendants rely on the doctrine of res judicata, this reliance is misplaced because a dismissal under CPLR 3211(a)(7) for failure to state a claim is not a dismissal on the merits with res judicata effect (see Ray v Ray, 158 AD3d 578, 578 [1st Dept 2018]; Hodge v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 269 AD2d 330, 330-331 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023