Knapp v Finger Lakes NY, Inc. (2023 NY Slip Op 03121)

Knapp v Finger Lakes NY, Inc.

2023 NY Slip Op 03121

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, MONTOUR, AND OGDEN, JJ.

334 CA 22-01119

[*1]TINA KNAPP AND MICHAEL KNAPP, PLAINTIFFS-APPELLANTS,
v
FINGER LAKES NY, INC., DOING BUSINESS AS DIVERSIFIED CONTRACTING CO., AGGRESSIVE COMPANY, INC., NAPLES RENTAL & SUPPLY COMPANY, INC., NAPLES BARGAINS, INC., A & S MCCALL, INC., JOEL S. SMITH, INDIVIDUALLY, JULIE SMITH, INDIVIDUALLY, BRANDON SMITH, INDIVIDUALLY, AND SARA OUDERKIRK, INDIVIDUALLY, DEFENDANTS-RESPONDENTS. 

TINA KNAPP, PLAINTIFF-APPELLANT PRO SE. 
MICHAEL KNAPP, PLAINTIFF-APPELLANT PRO SE. 
TREVETT CRISTO, P.C., ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered January 14, 2022. The order, inter alia, granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In September 2014, plaintiffs hired defendant Finger Lakes NY, Inc., doing business as Diversified Contracting Co. (Diversified), owned by defendant Joel S. Smith, pursuant to a home improvement contract, to renovate their summer cottage. By January 2015, plaintiffs had made deposits to Diversified for the work to be performed on the renovation project in the amount of $240,530. Instead of placing plaintiffs' deposits in an escrow account, however, Diversified transferred those funds to defendant Aggressive Company, Inc. (Aggressive)—another corporation owned by Smith—which purportedly used the money for purposes unrelated to the renovation project. In October 2015, plaintiffs terminated the contract because, inter alia, Diversified had not completed work on the renovation project in a timely fashion.
Shortly thereafter, plaintiffs commenced an action to recover damages for, inter alia, breach of contract and diversion of trust funds in violation of Lien Law article 3-A (prior action). Following a jury trial, the jury rendered a verdict in favor of plaintiffs against Diversified for money damages on the breach of contract cause of action, but found that plaintiffs sustained no damages as a result of the admitted violation of the Lien Law. A judgment was entered on the verdict. Plaintiffs moved pursuant to CPLR 4404 to set aside the verdict with respect to the Lien Law cause of action and for, inter alia, judgment in their favor on that cause of action. Supreme Court denied the motion, and we dismissed plaintiffs' ensuing appeal (Knapp v Finger Lakes NY, Inc., 184 AD3d 335, 337 [4th Dept 2020], lv dismissed 36 NY3d 963 [2021]).
In September 2020, plaintiffs commenced this action to recover damages for, inter alia, fraudulent conveyances made by defendants when they transferred plaintiffs' deposit funds among each other, in violation of several provisions of former Debtor and Creditor Law article [*2]10. Plaintiffs sought, inter alia, a judgment declaring that the challenged transfers were null and void and directing defendants to return the deposit funds to plaintiffs. Alternatively, they sought a new money judgment in the amount awarded in the prior action inasmuch as the judgment in that action had never been satisfied. Defendants moved for summary judgment dismissing the complaint on the ground of res judicata, and plaintiffs cross-moved for, inter alia, leave to amend the complaint. The court granted defendants' motion and denied plaintiffs' cross-motion. Plaintiffs appeal, and we affirm.
"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; see Zayatz v Collins, 48 AD3d 1287, 1289 [4th Dept 2008]). Generally speaking, " 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (Parker, 93 NY2d at 347; see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Consequently, "res judicata bars claims that were not actually decided in the prior action if they could have been decided in that action" (Zayatz, 48 AD3d at 1290; see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72-73 [2018]; Matter of Hunter, 4 NY3d 260, 269 [2005]; Incredible Invs. Ltd. v Grenga, 125 AD3d 1362, 1363 [4th Dept 2015]). "The fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims" (Sciangula v Montegut, 165 AD3d 1188, 1190 [2d Dept 2018] [internal quotation marks omitted]).
Here, we conclude that the court properly granted defendants' motion for summary judgment on the ground that plaintiffs' claims are barred by res judicata because plaintiffs' Debtor and Creditor Law causes of action arise out of the same operative facts as their Lien Law cause of action in the prior action and could have been raised in that action (see Sciangula, 165 AD3d at 1190; see generally Hunter, 4 NY3d at 269). Specifically, in the prior action, plaintiffs' Lien Law cause of action was predicated on improper transfers of deposit funds from Diversified to Aggressive. Ultimately, following trial, the jury awarded plaintiffs no damages on that cause of action. In this action, the very same transfers of deposit funds that constituted the basis of the Lien Law cause of action now form the basis of plaintiffs' Debtor and Creditor Law causes of action. Thus, plaintiffs' claims in this action could have been raised in the prior action and are barred by res judicata. Supporting that conclusion, we note that the complaint in this action seeks a money judgment in the same amount awarded in the prior action. Indeed, in their proposed amended complaint, plaintiffs sought to increase the amount of damages sought in this action to $240,530—the full amount of the deposits they made for the renovation project and the same amount sought in their Lien Law cause of action in the prior action.
Plaintiffs contend that res judicata does not apply inasmuch as their "claim[s] could not have been raised in the prior [action] because they had not yet matured" (UBS Sec. LLC v Highland Capital Mgt., L.P., 159 AD3d 512, 513 [1st Dept 2018], lv dismissed 32 NY3d 1080 [2018]). We reject plaintiffs' contention. Indeed, we note that the complaint in this action does not allege any transfers of deposit funds among defendants that occurred after the filing of the complaint in the prior action (see UBS Sec. LLC v Highland Capital Mgt., L.P., 86 AD3d 469, 474-475 [1st Dept 2011]). In short, plaintiffs' Debtor and Creditor Law causes of action had matured at the time of the prior action, and—to the extent that they differ from the Lien Law cause of action—could have been raised by plaintiffs in the prior action (see Hunter, 4 NY3d at 269; Incredible Invs. Ltd., 125 AD3d at 1363).
We have reviewed plaintiffs' remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court