**Wilder v Fresenius Med. Care Holdings, Inc.**

2025 NY Slip Op 30354(U)

January 29, 2025

Supreme Court, New York County

Docket Number: Index No. 100841/2018

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 55

---------------------------------------------------------------------X

NICHOLAS WILDER,

                                Plaintiff,

                     - v -

FRESENIUS MEDICAL CARE HOLDINGS, INC.,
AVANTUS RENAL THERAPY NEW YORK, LLC, ELIOT
CHAREN, MARILOU MATEO, JUDY AMMAR, CHENILLE
APURADA, SARASWATI KASTI, NATASHA MENDOZA,
CAROLINE HERNANDEZ, RICHARD AMES, IRINA
BARASH, ANUJA SHRESTHA,

                              Defendants.

---------------------------------------------------------------------X

| INDEX NO. | 100841/2018 |
|---|---|
| MOTION DATE | 11/29/2023, 12/21/2023 |
| MOTION SEQ. NO. | 016 017 |

**DECISION + ORDER ON MOTION**

Hon. James E. d'Auguste.:

The following e-filed documents, listed by NYSCEF document number (Motion 016) 123, 124, 125, 126, 127, 128, 129, 138, 139, 140, 141, 142, 143, 144, 150, 151, 152, 153, 155, 156, 157
were read on this motion to/for                     **DISMISS**                     .

The following e-filed documents, listed by NYSCEF document number (Motion 017) 130, 131, 132, 133, 134, 135, 136, 137, 145, 146, 147, 148, 149, 154, 158
were read on this motion to/for                     **DISMISSAL**                .

      Plaintiff Nicholas Wilder, Esq., a self-represented attorney, brought this action against Fresenius Medical Care Holdings, Inc., Avantus Renal Therapy New York, and their various employees alleging claims arising out of his dialysis treatment. All defendants now move to dismiss based upon documentary evidence and for failure to state a claim (CPLR 3211[a][1], 3211[a][7]). Defendant Eliot Charen also moves, in the alternative, to compel plaintiff to provide a more definitive statement.

100841/2018 WILDER, NICHOLAS vs. FRESENIUS MEDICAL CARE
Motion No. 016 017

Page 1 of 4

[* 1]

## BACKGROUND

The factual and procedural history of the case has been set forth in various decisions of this Court and the Appellate Division, First Department, familiarity with which is presumed. As relevant here, by Decision and Order dated April 18, 2023, the Appellate Division permitted the plaintiff to amend his complaint within specific parameters. Specifically, the Court granted him leave

> . . . to file the second amended complaint adding factual allegations in support of the causes of action for violations of New York City and State Human Rights Laws except to the extent that they relate to his allegedly being locked out of the defendants' facility, failure to train, failure to supervise, and negligent retention; and asserting new causes of action for defamation by defendant Chenille Apurada and new defendant Anuja Shrestha, breach of the physician-patient privilege, battery, and medical malpractice except as to the proposed sixteenth cause of action for failure to provide the drug Epogen and the proposed twentieth cause of action for deficient ultrafiltration.

(*Wilder v Fresenius Med. Care Holdings, Inc.*, 215 AD3d 511, 512 [1st Dept 2023]).

Plaintiff filed a Proposed Second Amended Complaint on October 30, 2023. Rather than create a new document, plaintiff made various edits on the face of a previous draft, retaining the date of September 9, 2020. Certain factual allegations are deleted with strike throughs, and many of the paragraphs and headings for the causes of action are renumbered, with the old numbers visible but struck through. Additionally, some of those headings are crossed out in handwritten red marker, but the allegations above which they appear are not.

Defendants contend that the amended pleading fails to comply with the First Department's order. Apart from objecting to the method of editing, they assert that plaintiff has improperly reasserted the defamation claim against Judy Ammar, and the medical malpractice claims against defendants with respect to the administration of Epogen and deficient

100841/2018   WILDER, NICHOLAS vs. FRESENIUS MEDICAL CARE    Page 2 of 4
Motion No. 016 017

2 of 4

[* 2]

ultrafiltration. They also argue that plaintiff's nearly four-month delay in filing the complaint requires that the new claims he was granted leave to assert must be deemed abandoned.

In opposition, plaintiff contends that his amended pleading sufficiently gives notice to defendants what claims he is and is not asserting. He affirms that he is not pursuing the defamation or Epogen/ultrafiltration claims, or any claim for which the heading has been crossed out. While he confirms that he intentionally retained some factual allegations underlying the defamation claim, he argues that they are also relevant to the claims for failure to train and supervise. Plaintiff disputes that he has abandoned his claims, averring that any delay in filing was due to his recovery from heart surgery and his late realization that his first attempt at filing had been rejected as premature as the case had not yet been remitted by the appellate court.

## DISCUSSION

The motions are denied, except to the extent that plaintiff is directed to file, within 30 days of notice of entry, a revised amended complaint which eliminates all of the editing markings, *i.e.*, the stricken-through allegations, headings and page numbers. Defendants are entitled to a clean version of the pleadings that dispels any confusion regarding the number and nature of plaintiff's claims. However, defendants' demand for a dismissal of the complaint in its entirety is unfounded. The Appellate Division clearly identified which claims were adequately pled and which could be added, and the Court cannot disregard its decision merely because plaintiff engaged in inartful and incomplete editing. Furthermore, even if the amended complaint can be read as pleading claims which go beyond the permissible scope of the appellate order, the remedy would be to dismiss those particular claims or deem them dismissed, not to dismiss the entire action (*see, e.g., Young v The City of New York*, 2015 WL 7300930, *1 [Sup

100841/2018   WILDER, NICHOLAS vs. FRESENIUS MEDICAL CARE
Motion No. 016 017

Page 3 of 4

3 of 4

[* 3]

Ct, NY Co. 2015] [dismissing claims against police officers only, where leave to amend to add them as defendants had been denied by prior orders of the court).

Plaintiff has clarified that the struck-through claims and allegations are not part of his complaint, and defendants have not attempted to challenge their sufficiency. The Court also concurs with plaintiff that the inclusion of allegations mentioning Ammar is not improper given that they may bear some relevance to causes of action other than the dismissed defamation claim.

Finally, the argument that plaintiff abandoned his claims is without merit. The Appellate Division did not set a deadline for the filing of the amended pleading or provide for dismissal if one were not filed within a reasonable time. Nor have defendants qualified for a dismissal under CPLR 3216, which includes, *inter alia*, the requirement of a written 90-day notice that dismissal will be sought for want of prosecution. In any event, the delay in filing was not so excessive in view of plaintiff's documented health issues and the procedural confusion related to the remitter.

Accordingly, it is hereby

ORDERED, that motions to dismiss are denied, and it is further

ORDERED, that plaintiff is directed to file a revised amended complaint as set forth above within thirty days of notice of entry of this order.

This constitutes the decision and order of the Court.

| 1/29/2025 | | | | |
|-----------|---|---|---|---|
| DATE | | | James d'Auguste, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|-----------------------|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

100841/2018  WILDER, NICHOLAS vs. FRESENIUS MEDICAL CARE
Motion No. 016 017

Page 4 of 4

4 of 4