Varma v Allstate Ins. Co.

2026 NY Slip Op 02520

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

TARUNA VARMA, PLAINTIFF-APPELLANT,

v

ALLSTATE INSURANCE COMPANY AND WAYNE LEVAN, DEFENDANTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

150 CA 24-01878

Present: Whalen, P.J., Lindley, Curran, Smith, And Delconte, JJ.

KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFF-APPELLANT.

CETRULO LLP, NEW YORK CITY (KEVIN C. MCCAFFREY OF COUNSEL), FOR DEFENDANT-RESPONDENT ALLSTATE INSURANCE COMPANY.

THE LAW OFFICE OF DAVID P. MARCUS, PLLC, WILLIAMSVILLE (DAVID P. MARCUS OF COUNSEL), FOR DEFENDANT-RESPONDENT WAYNE LEVAN.

Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered October 22, 2024. The order granted the motions of defendants insofar as they sought to dismiss the complaint.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action to recover damages for, inter alia, breach of contract, plaintiff appeals from an order granting those parts of defendants' respective motions seeking dismissal of the complaint against them, pursuant to CPLR 3211, on res judicata grounds. We affirm.

This action and a prior action between the same parties relate to plaintiff's purchase of an insurance agency from defendant Wayne LeVan and her execution of an exclusive agency agreement (Agency Agreement) with defendant Allstate Insurance Company (Allstate). Less than two years after plaintiff purchased the agency and executed the Agency Agreement, Allstate notified plaintiff that it was terminating the Agency Agreement pursuant to section XVII.B.2, which permitted either plaintiff or Allstate to terminate the Agency Agreement "with or without cause" on 90 days' written notice.

Plaintiff commenced the prior action to challenge the termination, asserting a cause of action for breach of contract, among other claims. Following the denial after a hearing of plaintiff's motion for a preliminary injunction, defendants moved to dismiss the amended complaint, and plaintiff cross-moved for leave to amend the amended complaint to add causes of action for discrimination, tortious interference with contract, and tortious interference with prospective business. Supreme Court granted defendants' motions and denied plaintiff's cross-motion (2023 order).

Before the time to appeal the 2023 order had expired, plaintiff commenced this action against defendants, asserting causes of action for breach of contract, discrimination, tortious interference with contract, and tortious interference with prospective business. Defendants each moved to, inter alia, dismiss the complaint pursuant to CPLR 3211, contending that the complaint in this action was barred by res judicata.

"Res judicata, i.e., claim preclusion, bars the parties or their privies from relitigating issues that were or could have been raised in [a prior] action" (City of Buffalo v Carr, 242 AD3d [*2]1581, 1581 [4th Dept 2025] [internal quotation marks omitted]). "[U]nder New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Matter of Hunter, 4 NY3d 260, 269 [2005] [emphasis added]; see Carr, 242 AD3d at 1581-1582; see generally Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018]). What matters is not whether the claims were actually decided in the prior litigation but, rather, whether " 'they could have been decided in that action' " (Knapp v Finger Lakes NY, Inc., 217 AD3d 1401, 1403 [4th Dept 2023], lv denied 41 NY3d 905 [2024]; see Hunter, 4 NY3d at 269).

Nevertheless, "where a claim could not have been raised in the prior litigation because it had not yet matured, res judicata does not apply" (UBS Sec. LLC v Highland Capital Mgt., L.P., 159 AD3d 512, 513 [1st Dept 2018], lv dismissed 32 NY3d 1080 [2018]; see Pawling Lake Prop. Owners Assn., Inc. v Greiner, 72 AD3d 665, 668 [2d Dept 2010]; see also 1050 Tenants Corp. v Lapidus, 118 AD3d 560, 560 [1st Dept 2014]).

Here, we conclude that plaintiff's claim for breach of contract in the instant action could have been raised in the prior litigation. In the amended complaint in the prior action, plaintiff alleged that defendants breached the Agency Agreement by terminating it. In the instant complaint, plaintiff alleges that defendants breached the Agency Agreement by attempting to enforce the Termination Payment Provision (TPP) of the Agency Agreement. The TPP was contained in the "Supplement for the R3001 Agreement" (Supplement), which was incorporated by reference into the Agency Agreement. In both the prior and instant actions, plaintiff has consistently contended that the Supplement was not a valid part of the Agency Agreement. Although plaintiff did not specifically challenge the enforcement of the TPP in the prior litigation, the TPP was a part of the Agency Agreement and, as a result, her current challenge to its enforceability could have been raised in the prior litigation (see Hunter, 4 NY3d at 269; Knapp, 217 AD3d at 1403).

Plaintiff further contends that the dismissal in the prior action under CPLR 3211 has no res judicata effect. We reject that contention. Although there are situations in which "a dismissal under CPLR 3211 (a) (7) for failure to state a claim is not a dismissal on the merits with res judicata effect" (Wilder v Fresenius Med. Care Holdings, Inc., 215 AD3d 511, 513 [1st Dept 2023]; see Hock v Cohen, 125 AD3d 722, 723 [2d Dept 2015]), the Court of Appeals has stated that the dismissal of a complaint on that ground has preclusive effect with respect to a new complaint "for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint" (175 E. 74th Corp. v Hartford Acc. & Indem. Co., 51 NY2d 585, 590 n 1 [1980], citing Linton v Perry Knitting Co., 295 NY 14, 17 [1945]; see also Rosa v Triborough Bridge & Tunnel Auth., 218 AD3d 810, 812 [2d Dept 2023]). Moreover, a dismissal may be deemed on the merits where "the order [is] sufficiently clear that it included a dismissal on the merits, and it was not issued purely on the account of technical pleading deficiencies" (SC Prop. Dev., LLC v MW Capital LLC, 238 AD3d 470, 470 [1st Dept 2025]). Here, the court made it clear that its dismissal of the amended complaint in the prior action was a dismissal on the merits, and we therefore conclude that the dismissal precludes plaintiff's attempt to relitigate the breach of contract cause of action.

Contrary to plaintiff's further contention, the court properly determined that its denial of plaintiff's cross-motion for leave to amend the amended complaint in the prior action precluded plaintiff's attempt to assert those causes of action in the instant complaint inasmuch as the instant complaint is "essentially identical to the proposed amended complaint [plaintiff] submitted in support of [her] motion for leave to amend the [amended] complaint in the [prior] action" (Pieroni v Phillips Lytle LLP, 140 AD3d 1707, 1708 [4th Dept 2016], lv denied 28 NY3d 901 [2016]). Here, "[t]he proposed amended complaint in the [prior] action and the complaint in the present action raise identical issues, and the court decided those issues when it denied the motion for leave to amend" (id. at 1709; cf. Condor Capital Corp. v CALS Invs., LLC, 213 AD3d 433, 433 [1st Dept 2023]), having determined that the causes of action sought to be asserted were " 'palpably insufficient or patently devoid of merit' " (Pieroni, 140 AD3d at 1709).

In light of our determination, we do not reach plaintiff's remaining contentions.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court